John Kilroy *vs.* Ether S. Foss & another.

Middlesex.    November 20, 1893. — March 28, 1894.

Present: Field, C. J., Allen, Holmes, Morton, & Barker, JJ.

*Personal Injuries — Master and Servant — Assumption of Obvious Risk —*
*Negligence — Action.*

A person, while employed in helping to unload stones raised from a wagon and swung into place by a hand derrick, was injured by a stone falling upon his foot. His work was to guide them by a tag-rope, provided for that purpose, and which was long enough to enable him to work in safety. He knew that there was danger that the chain by which a stone was suspended from the derrick might break and the stone fall. There was an open space three feet wide between the line of the stone which fell and a pile of stones on which it was to be put, and, in passing from one place to another in order to guide a stone, he so walked in this open space as to bring his foot directly under the stone, when the chain broke and the stone fell. He might have gone another way by stooping down or crawling under a wagon and passing his rope around a tree, in which case he would not have been exposed to injury by the fall of the stone, and he might have traversed the open space without putting his foot under the stone. He was an experienced hand, had no occasion for haste, and had full control of his own movements and the methods in which he did his work. *Held,* in an action against his employer for the injury, that he voluntarily assumed a risk which was obvious, and his act was careless; and that the action could not be maintained.

Tort, for personal injuries occasioned to the plaintiff, while in the defendants' employ, by the alleged negligence of the latter. Trial in the Superior Court, before *Mason,* C. J., who, at the defendants' request, ruled that the action could not be maintained, and ordered a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*P. J. Hoar,* for the plaintiff.

*C. S. Lilley,* for the defendants.

Barker, J.    The plaintiff was helping to unload stones raised from a wagon and swung into place by a hand derrick. His work was to guide them by a tag-rope, which was long enough to enable him to work in safety, and was provided for that purpose. He knew that there was danger that the chain by which a stone was suspended from the derrick might break and the stone fall. There was an open space three feet wide between the line of the stone which fell and a pile of stones on

which it was to be put, and in passing from one place to another in order to guide a stone he so walked in this open space as to bring his foot directly under the stone, when the chain broke and the stone fell. He might have gone another way by stooping down or crawling under a wagon and passing his rope around a tree, in which case he would not have been exposed to injury by the fall of the stone, and he might have traversed the open space without putting his foot under the stone. He was an experienced hand, had no occasion for haste, and had full control of his own movements and of the methods in which he did his work. There was no good reason for placing his foot under the stone, and none, except that it was less convenient, why he should not avoid all possible danger by going farther around and stooping under another wagon. When, under such circumstances, he chose to place his foot under a stone which he knew might fall, he voluntarily assumed a risk which was obvious, and his act was careless. He may have thought the risk was not great, but there was no adequate reason why he should incur it, and he assumed it voluntarily, when his employer had furnished him with the means of doing his work in safety.

The cases of *Hackett* v. *Middlesex Manuf. Co.* 101 Mass. 101, and *Spicer* v. *South Boston Iron Co.* 138 Mass. 426, relied on by the plaintiff, are not in point. In each of those cases the plaintiff was injured by the fall of part of a permanent structure, which he had a right to believe was in no danger of falling, while in the case at bar the appliances were in their nature temporary, and the danger that the stone might fall by the breaking of a chain was known and understood. In the cases cited it was expected that the persons injured might in the usual course of their employment place themselves where they would be hurt if the structure above them gave way, while in the case at bar the plaintiff need not have placed himself under the stone, and was furnished with the tag rope to enable him so to work as not to expose himself to injury if a stone should fall.

*Exceptions overruled.*