CLOVIS LA BELLE *vs.* INHABITANTS OF MONTAGUE.

Franklin.      September 19, 1899. — October 21, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Personal Injuries — Employers' Liability Act — Superintendence —*
*Due Care — Negligence.*

At the trial of an action for personal injuries, it appeared that the plaintiff was injured by getting the toes of one of his feet caught under a flagstone, which he and three other fellow workmen were lowering upon a pile of flagstones, under the direction of A., a person in the "exercise of superintendence" for the defendant, within the meaning of the employers' liability act, St. 1887, c. 270 ; that, A. having directed the plaintiff and others to lift the stone, A. held it on its edge when lifted and directed the plaintiff and three others to go around on the other side and let it down carefully and easily, as he did not want to break it; that the plaintiff stood on the other flagstones and the other men stood on the ground, and that when the stone was about two feet up it began to go quickly, and the plaintiff got caught. The plaintiff testified that he was an experienced workman, was familiar with the work, and thought it dangerous. *Held,* that there was no evidence of negligence on the part of the superintendent.

TORT, for personal injuries occasioned to the plaintiff while at work in Turner's Falls in the defendant town. Trial in the Superior Court, before *Bishop,* J., who, at the close of the evidence and at the request of the defendant, ruled that the plaintiff was not entitled to recover; and the plaintiff alleged exceptions, which appear in the opinion.

*F. L. Greene & W. A. Davenport,* for the plaintiff.

*W. S. Dana,* for the defendant.

LATHROP, J.   The plaintiff was injured by getting the toes of one of his feet caught under a flagstone which he and three other fellow workmen were lowering upon a pile of flagstones, under the direction of one Adams, who we assume was a person in the "exercise of superintendence" for the defendant, within the meaning of that phrase in the St. of 1887, c. 270. Before the accident Adams had directed the plaintiff and others to lift the stone. This was done, and, when the stone was on its edge, Adams held it there, and directed the plaintiff and three others to go around on the other side of the stone and let it down carefully and easily, as he did not want to break it. The plaintiff

testified that he stood on the other flagstones and the other men stood on the ground; that when the stone was about two feet up it began to go quickly, and he got caught.

The contention is that Adams should have given more specific orders; but it is difficult to see what orders could have been given which it was necessary to give to one so experienced as the plaintiff. He testified that he had worked on the ledges at Turner's Falls nearly every summer, for seventeen years; that all the men had as much experience as he had, and he as much experience as they; that he understood the work, "every part from drilling the holes to loading the stone"; that "nobody could tell him anything about handling stone that he did not know"; and that he understood the work of letting down the stone, and thought it dangerous. To have cautioned so experienced a workman that he must be careful not to get his hands or feet caught under the stone as it came down, would have been superfluous. We see no evidence of negligence on the part of the superintendent in this respect.

It is further suggested that, as the stone was a heavy one, some other means should have been adopted in letting it down. But there is nothing to show that the stone could not properly be handled by men with their hands, or to warrant a finding that the use of a derrick or other such mechanism was necessary.

It would seem from the evidence that the accident was probably caused by the other men letting go before the plaintiff did. If this were so, and his fellow workmen were negligent in letting go too soon, this does not give him a cause of action against the defendant.

*Exceptions overruled.*