JAMES FAY *vs.* J. W. WILMARTH & another.

Suffolk.　November 12, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Negligence*, Proximate cause, Employer's liability.

If owing to the negligence of an employer a ladder is insecurely fastened, and, the ladder moving, a carpenter working upon it in trying to save himself causes a hammer to fall and injure a fellow employee, working below, whether the negligence of the employer can be found to be the proximate cause of the injury, *quære.*

It is not the duty of a building contractor, using a derrick tower in connection with his work, to warn a hod carrier in his employ that a hammer, temporarily laid on a cross piece of the tower by a carpenter standing on a ladder at work, may fall and strike him, the placing of the hammer on the cross piece being one of the momentary incidents of the work which neither the employer nor his superintendent in charge could be expected to look out for or be liable for.

If an employee is injured owing to the slipping of a ladder on which a fellow servant is at work, and the slipping was caused by the negligence of his fellow servant in not fastening the ladder, he cannot recover against his employer.

TORT for personal injuries while in the employ of the defendants, with two counts as described by the court. Writ dated March 23, 1899.

At the trial in the Superior Court before *Gaskill*, J., the plaintiff introduced evidence tending to show the following facts: The defendants were building contractors and at the

time of the accident on January 24, 1899, the plaintiff was in their employ as a hod carrier and a tender to stone masons. The defendants were engaged in erecting a building on Binney Street in East Cambridge, and were using in connection with their work a derrick tower, which was constructed of four upright posts ninety feet high and twenty feet apart, each standing at a corner of a square. These posts were connected with each other at intervals of thirty feet by a series of four cross pieces twenty feet long which formed three landings, the third landing being at the top of the structure. At the time of the accident, a carpenter in the defendants' employ was engaged in fitting in a cross piece at the third or last landing, a distance of ninety feet from the ground. The cross piece did not fit well, and the carpenter laid a hammer, which he had been using, on the adjoining cross piece. In doing this work the carpenter was standing upon a ladder, the upper part of which rested against the upright and the bottom of which rested upon four or five planks about twenty-four feet long, two or three inches thick and eight or ten inches wide, which were laid side by side across opposite cross pieces. The bottom of the ladder was two or three feet from the upright against which the ladder rested. Neither the planks nor the ladder were cleated or fastened in any way, and were so placed there by the orders of the defendants' superintendent some time before the accident. This condition of the boards and ladder existed for three or four days before the accident. The plaintiff had no knowledge of the condition of the boards and ladder, nor was any warning given to him on the subject. The ladder was stationed there for general use as a means of reaching the third landing.

While the carpenter was thus standing upon the ladder, endeavoring to fit the cross piece in place, the ladder moved, and as the carpenter was attempting to save himself from falling, the hammer fell from the cross piece and struck the plaintiff, who, pursuant to the orders of the superintendent, was working upon the landing below unloosening a guy rope. There was no evidence tending to show that the planks upon which the ladder stood moved. The superintendent was in constant attendance upon the work. At the time of the accident he was standing upon the ground. Evidence was introduced by the plaintiff

tending to show that it was customary in the erection of stagings of the kind above described to fasten or cleat the ladder at the bottom and also the planks upon which the ladder stood to render them stable and safe, and that sometimes the ladder was fastened at the top by a piece of rope. · It also appeared that it was the business of the man who used the ladder thus to fasten and secure it.

At the close of the plaintiff's evidence the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*A. C. Webber*, for the plaintiff.

*W. I. Badger*, *W. H. Hitchcock* & *C. F. Williams*, for the defendants, were not called upon.

MORTON, J. This is an action of tort for personal injuries. There was a count at common law, and one under the employers' liability act. The count at common law was for setting the plaintiff to work in an unsafe place without warning him of the danger. The count under the employers' liability act was for the negligence of a person acting as superintendent. At the close of the plaintiff's evidence the judge ordered a verdict for the defendants. The case is here on exceptions by the plaintiff to this ruling.

We think that the ruling was right. The substance of the plaintiff's case is that the hammer fell in consequence of some movement of the carpenter to save himself from falling, which was caused by a motion of the ladder on which he stood, which would not have happened had the ladder been securely fastened at the top and bottom which it was not, and that the lack of fastening was due to negligence on the part of the defendants or their superintendent under whose direction the ladder was placed. It may be doubted whether the alleged negligence of the defendants and of their superintendent is not too remote, and whether the plaintiff's injury was not due to a cause intervening between the alleged negligence of the defendants and the fall of the hammer, namely, the effort made by the carpenter to save himself from falling. But the ruling may well stand on other grounds. For aught that appears the hammer may have been so carelessly placed on the cross piece by the carpenter as to fall of itself, or by a slight jar. His act in temporarily placing it there cannot be imputed as negligence to the defendants

or their superintendent or as constituting a defect in the ways, works or machinery, or as creating a danger of which the plaintiff should have been warned. It was one of the momentary incidents of the work which neither the defendants nor their superintendent could be· expected to look out for, or be liable for. If it belonged to the defendants or their superintendent to see that the ladder was securely fastened, and there was negligence on their part in failing to do so, there is nothing to show that the plaintiff's injury was due to such negligence.

There was no evidence tending to show that the foot of the ladder or the boards or planks on which it rested, moved, and, if the upper part moved, as it is fair, perhaps, to assume from the exceptions that it did, there is nothing to show what caused it to move. The mere fact that it was not fastened is not enough, of itself, to render the defendants liable. There must be some evidence tending to show that it moved because there was no fastening. Further it is expressly stated in the bill of exceptions that it was the business of the man who used the ladder to fasten and secure it. The negligence, if there was any, was therefore the negligence of a fellow servant.

*Exceptions overruled.*