JOSEPH H. LODI *vs.* MICHAEL MALONEY & another.

Hampden.    September 23, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Employer's liability.

In an action by a workman against a contractor by whom he was employed, it appeared, that the plaintiff was one of a gang of men engaged in lowering an iron boiler into a cellar by means of inclined beams, that a wire rope attached to the boiler was held by the men, who were to let it slip slowly around a wooden post as the weight of the boiler lowered it into position, that the rope cut into the post and its motion stopped, that the defendant said to the plaintiff, " The rope is all right. Come around here and slack it. Slack it with your hands ", that the plaintiff attempted to loosen the rope with his hands, when it started, and caught his hands, causing the injury. *Held*, that the defendant's order should be construed as an order to the plaintiff to slack the rope with his hands

in such a manner as should be safe and proper, and that the plaintiff assumed the risk of the obvious danger, which was increased by the position he chose to take in doing the work.

TORT for personal injuries caused while in the employ of the defendants, who were contractors constructing a heating plant at Springfield. Writ dated February 4, 1902.

At the trial in the Superior Court, *Maynard*, J. at the close of the evidence ruled that the plaintiff was not entitled to recover, and ordered a verdict for the defendants. The plaintiff alleged exceptions.

*D. E. Leary & E. W. Beattie, Jr.*, for the plaintiff.

*W. H. Brooks & W. Hamilton*, for the defendants.

BARKER, J. When the plaintiff, who had had eleven years experience as a hod carrier, was hurt the work in hand was the lowering of a boiler into a cellar. The boiler was twenty or twenty-five feet long and weighed about ten tons. It was to be allowed to slide down inclined beams, its motion being controlled by the manipulation of two wire ropes one of which was fastened around each end of the boiler, and went thence to a wooden post around which it took two or three turns, the other end of the rope being held by a gang of men who were to let the rope slip slowly around the post as the weight of the boiler lowered it into position.

One of the defendants was present overseeing the work and directing the workmen. The plaintiff was in one of the gangs manipulating one of the ropes, his position in the gang being that nearest to the post around which the wire rope of which he had hold was passed. In the lowering process this rope cut into the post and its motion stopped. The plaintiff left his place in the gang and attempted with his hands to loosen the rope. While so engaged the rope started and caught his hands between it and the post. The evidence was conflicting as to whether he made this attempt voluntarily, or in compliance with an order given by that one of the defendants who was present, directing the plaintiff to go and slack the rope with his hands, the order being accompanied with the statement, "It is all right," or "The rope is all right. Come around here and slack it. Slack it with your hands."

As a verdict was ordered for the defendants we assume that

the plaintiff acted upon an order coupled with a statement that it was all right.

The stakes around which the ropes were passed were only about nine feet from the ends of the boiler. When the lowering began the boiler was at the edge of the cellar. The whole situation was open, the apparatus used was simple, and the plaintiff was so placed as to have a perfect opportunity to know and appreciate how the work went on and what dangers attended it, and to control absolutely his own motions in whatever share of the work he attempted to perform.

The order, if given, as we assume, was in substance that the plaintiff should slack the rope by getting it out of the cut which it had made in the post. It was obvious that as soon as this should be done the constantly acting weight of the boiler would tend to pull the rope forward and to carry the hands, if near enough to the post, between the rope and the post. In attempting to comply with the order the plaintiff had liberty to choose and chose his own position. The order did not tell him to hurry nor dictate to him where he should take hold of the rope, and it fairly cannot be construed except as an order to slack the rope with his hands, acting in such a manner as should be safe and proper. Where he should place his hands and how he should work with them was left to his own choice.

We are of opinion that the evidence would not justify a finding of negligence on the part of the employer, or of due care on the part of the plaintiff, and that the latter cannot recover for the results of a risk which turned against him because of the position which he chose to assume in doing a work the general danger of which was obvious, and the degree of which varied with the position which the plaintiff chose to take. He certainly had as good an opportunity as his master of ascertaining and obviating the danger for himself. *Haley* v. *Case,* 142 Mass. 316, 322. *Linch* v. *Sagamore Manuf. Co.* 143 Mass. 206. The order did not contain an injunction to hurry, and the danger was obvious and one growing naturally out of the work in hand, thus differentiating the case from that of *Millard* v. *West End Street Railway,* 173 Mass. 512, cited for the plaintiff.

*Exceptions overruled.*