OVID ARCHAMBAULT *vs.* JOSEPH L. R. ARCHAMBAULT.

Hampden.   September 23, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Employer's liability.

In an action for personal injuries incurred in the defendant's stone yard, it appeared, that the plaintiff was eighteen years of age and had been in the defendant's employ for five months learning a stone cutter's trade, that he had worked from time to time for four or five days on the cutting of a large stone tilted up by means of stone chips placed beneath it on the wooden blocks supporting it. He testified that he knew that if the stone was not suitably propped up he would get hurt and that he made no effort to inform himself how it was propped up. The plaintiff had finished working for the day, and was leaning over the stone in the act of picking up some tools which it was his duty to pick up, or in the act of picking up a match to light his pipe, when the stone fell upon him, causing the injury. *Held*, that the chance of the stone falling as it did was an obvious risk assumed by the plaintiff; *also*, that there was no evidence of due care on the part of the plaintiff or of negligence on the part of the defendant.

MORTON, J.   This is an action of tort to recover for personal injuries caused to the plaintiff by the falling of a stone upon him while employed in the defendant's stone yard in Holyoke. At the close of the plaintiff's evidence, the presiding judge ruled that the plaintiff could not recover and directed a verdict for the

defendant.   The case is here on exceptions to this ruling and direction.   We think that the ruling was right.

At the time of the accident the plaintiff was eighteen years old, and had been in the defendant's employ five months learning a stone cutter's trade.   On the day of the accident he was set to work by the defendant on a stone designed for cornice work.   The stone weighed about a ton and was thirteen feet long and ten inches thick, and thirteen inches wide on one side, and nine inches on the other.   It was lying on wooden blocks about two feet high and rested on its narrowest side.   It did not lie flat but was tilted up by means of stone chips placed beneath it on the wooden blocks so as to facilitate the work of cutting. This, as the testimony showed, was the usual and customary way of tilting up a stone on which a workman was engaged.   The cutting was along the " nose " or projecting part of the stone, and as it progressed the stone was gradually tilted up.   The chips were in about an inch from the edge.   The plaintiff had worked on the stone from time to time for four or five days previous to the accident and had become familiar with the gradual shaping of it, but was not present when it was last tilted up, or when it was originally set up, which was done under the direction and supervision of the defendant.   The plaintiff had previously seen the defendant putting stone chips under stones to tilt them up and had no reason to think that there was anything else under this.   He testified that he knew that if it was not properly propped up he would get hurt and that he made no effort to inform himself how it was propped up.   There was testimony tending to show that when the stone fell the plaintiff had finished working on it for the day and was leaning over it or upon it either in the act of picking up some tools which it was a part of his duty to pick up, or in the act of picking up a match to light his pipe with.

We think that the chance that the stone might fall as it did was one of the obvious risks assumed by the plaintiff.   We also think that he was not in the exercise of due care and that there was no evidence of negligence on the part of the defendant.

*Exceptions overruled.*

*A. Archambault*, for the plaintiff.

*C. T. Callahan*, for the defendant, was not called upon.