JAMES H. GAVIN *vs.* FALL RIVER AUTOMATIC TELEPHONE
COMPANY.

Bristol.    October 26, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* Employer's liability.

In an action by a workman against a telephone company, for injuries from the
plaintiff's hand being drawn into a snatch block while he was assisting in setting
poles of the defendant, it appeared, that the plaintiff was forty years of age but
had not handled ropes before, that he was ordered by a foreman to take in the
slack of the rope of a derrick used for setting the poles, that he placed his hands
on the rope two feet or more from the block, when the foreman said "go ahead"
and a pair of horses attached to the rope on the other side of the block started,
drawing the plaintiff's hand against the block. *Held,* that the danger was an
obvious one, of which it was not the duty of the defendant to give the plaintiff
information or warning, *also,* that the plaintiff was negligent in not seeing the
block or, if he saw it, in not appreciating the danger, or, if he appreciated the
danger in continuing to grasp the rope after the order was given for the horses
to go ahead.

TORT, under the employers' liability act, for injuries received
by the plaintiff from having his right hand drawn into a snatch
block while assisting in setting poles of the defendant on Rod-
man Street in Fall River.   Writ dated September 23, 1901.

At the trial in the Superior Court before *Lawton,* J., it
appeared that the notice required by the statute was given to
the defendant, and that the accident happened at half past one
in the afternoon of August 13, 1901, while the plaintiff was
working under the direction of one Murphy, who, it was agreed,
was a superintendent within the meaning of the employers'
liability act. For the purpose of setting poles the defendant
used a low gear or wagon on which a derrick was placed.
Attached to the derrick was a fall which was hooked to the
pole to be set.   The derrick was on the rear end of the wagon
and the rope from the fall led through a block at the top of the
derrick, thence through a snatch block fastened to the rear end
of the wagon, and then was led forward and a pair of horses
was attached to it, so that the horses could raise the pole to a
sufficient height to be set in the ground.   During the morning

the plaintiff had been working with a pike. After dinner, when the men started to work, the plaintiff took the pike which he had been using during the morning. Murphy, foreman of the gang, told the plaintiff to lay down the pike and get hold of the rope, which the plaintiff did. Murphy was standing on one side of the rope and told the plaintiff what to do, giving him the rope in his hand. The plaintiff testified " He told me to pull down on the rope, take in the slack." The plaintiff was about two feet from the end of the wagon. He had not seen the snatch block until he was hurt. He took hold of the rope and pulled down. The plaintiff further testified " Murphy hollered out to go ahead and I pulled down on the rope, and at the time he hollered to go ahead the horses gave a plunge and I was knocked against the end of the gear and another man knocked up against me. My hand was drawn into the block."

At the close of the evidence the judge refused to order a verdict for the defendant. The jury returned a verdict for the plaintiff in the sum of $2,200; and the defendant alleged exceptions.

*R. P. Borden,* for the defendant.

*E. Higginson,* for the plaintiff.

BARKER, J. The plaintiff was stationed near a snatch block, and his duty was to help pull toward the block a rope which led from it to a telephone pole about to be raised. The power to be applied to raise the pole was that of a pair of horses which were at one end of a low wagon on which was a derrick. The snatch block was at the other end of the wagon. The plaintiff stood with his hands on the rope two feet or more from the block. When an order was given for the horses to go ahead the rope was drawn through the block toward the wagon, thus tending to bring the hands which were grasping the rope toward the block. When the horses started the plaintiff and the man who was next him and also grasping the rope, but farther from the block than the plaintiff, held on to the rope, the man next the plaintiff was pulled against him and the plaintiff's hand was drawn into the block.

The plaintiff was forty years of age, and although he had not handled ropes before that occasion, the whole apparatus was open to view and its arrangement and operation were so plain

that he cannot be allowed to recover on the ground that he did not know that if he continued to grasp the rope after the horses started there was danger that his hand would be drawn into the block, or on the ground that it was the defendant's duty to explain to him that obvious danger and to warn him against it.

The plaintiff himself was negligent either in not seeing the block, or if he saw it, in not appreciating the danger, or if he appreciated it, in incurring it by continuing to grasp the rope after the giving of the order for the horses to go ahead.

If that order was too quickly given it nevertheless was an understood signal, and due care required that the plaintiff upon hearing it at once should let go of the rope.

*Exceptions sustained.*