WILLIAM R. SLADE, administrator, *vs.* WILLIAM H. BEATTIE
& another.

Bristol.    January 11, 1904. — June 24, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence,* Employer's liability.

If a workman assisting in hoisting loads of lumber in a building in process of con-
struction, who has been told by the foreman in charge always to keep from
under the load and never to go under it, is called to the floor above while a load
is being hoisted to assist in unloading it, and on his way to the ladder leading
to the floor above unnecessarily passes under the load, the ladder being other-
wise accessible, and is injured by the falling of the load upon him owing to the
breaking of the hook of the hoisting chain, he either is not in the exercise of
due care or voluntarily assumes the risk of injury, and if his injuries result in
death, his administrator cannot recover against his employer.

TORT for the conscious suffering and death of the plaintiff's
intestate alleged to have been caused by a load of lumber falling
upon him from the giving way of a defective hoisting apparatus
maintained by the defendants, who were contractors engaged in
building a two story structure on Goat Island in the harbor of
Newport in the State of Rhode Island, by whom the plaintiff's
intestate was employed.    Writ dated December 17, 1901.

In the Superior Court *Fox,* J. ruled that upon all the evidence,
whether the law of Rhode Island or the law of the United States
applied, the plaintiff could recover neither for the conscious suf-
fering nor the death of the intestate, and ordered a verdict for
the defendants.    At the request of the parties the judge reported
the case for determination by this court.    If the ruling that the
plaintiff could not recover for either the conscious suffering or
the death of the intestate was right, the verdict was to stand;
otherwise, the verdict was to be set aside, and a new trial
ordered.

*J. W. Cummings,* (*C. R. Cummings* with him,) for the plaintiff.
*R. P. Borden,* (*R. C. Davis* with him,) for the defendants.

BRALEY, J.    It was admitted at the trial that there was
evidence which tended to prove negligence on the part of the

defendants, in not furnishing their servant, the plaintiff's intestate, reasonably safe and proper appliances with which to do his
work; and the principal question raised by the report arises
under the ruling that there could be no recovery either for his
conscious suffering or death, because, at the time when he received the injuries from which he suffered and ultimately died,
he was negligent and assumed the risk that the load of lumber
under which he was passing might fall upon him.     He had
helped in binding the planks, and in guiding them while they
were being hoisted from the first to the second floor of the building in process of construction and where he was at work, and
when the load was in place and being raised, he was called by a
fellow servant to come to the second floor and help to unload it.
In order to pass from one floor to the other, it was necessary to
use one of two ladders that were presumably in position at the
south end of the opening between the floors, although spoken of
in the report as at the south end of the " load."     At this time
he was at the north end of the opening or of the load, which had
been raised to the height of about eight feet, and as he passed
under it, on his way to the ladder, the hook or claw of the hoisting chain gave way and the planks fell, causing his injuries and
death.

The work was being done under the direction and in the
presence of the foreman of the defendants, who previously to the
accident had told the plaintiff's intestate " always to keep out
from under the load," and " never go under the load "; and the
uncontradicted evidence shows that the prosecution of the work
did not require him to pass under the planks, and that either
ladder was accessible by a way that did not necessitate his exposure to the possibility of personal injury.

Upon these facts it is clear that he was not obliged, in the
discharge of his duties, to put himself in a place of obvious
danger, while passing from where he stood, at the time he was
called, to the ladder that led to the second floor, when he must
have known that the load was suspended above him, and must
have realized, as a matter of common prudence, that to stand or
to pass under it might be attended with danger.

In addition to what his own sense of due care should have
suggested, he had been warned that in doing his work he should

not put himself in the situation he was in when injured, and whether it be put on the ground of negligence on his part or on that of assumption of risk, it must be held that, in deliberately placing himself in the position in which he was hurt, he either was careless or took the chance of what finally happened.

The plaintiff, to meet this aspect of the case, contends that it cannot be said, as matter of law, that for a workman, while attending to the duties of his employment and in the prosecution of his work, to stand or be where a suspended body or weight may fall upon him, is negligence. And it has been so decided. *Spicer* v. *South Boston Iron Co.* 138 Mass. 426. *Graham* v. *Badger*, 164 Mass. 42. *Haskell* v. *Cape Ann Anchor Works*, 178 Mass. 485.

But there is a distinct difference in principle between a case where a servant, in the discharge of his duty of service and using the ways, works and machinery furnished him by the master, is obliged to pass and repass under objects that are being made or used in the business and which may fall upon and injure him, and the case at bar, where the employee could do his work in his own way and was not obliged, while in its performance, to expose himself to such risks. *Lynch* v. *Allyn*, 160 Mass. 248, 253. *Kilroy* v. *Foss*, 161 Mass. 138.

As the ruling on this part of the case was right it is enough to support the verdict, and no useful purpose would be served by a discussion of the other important questions disclosed by the record and argued at the bar.

*Verdict for the defendants to stand.*