JOSEPH MEEHAN *vs.* HOLYOKE STREET RAILWAY COMPANY.

Hampden.    September 27, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability, duty to warn, assumption of risk.  *Evidence,* Opinion: experts.

It is not the duty of a street railway company, employing a lineman to assist in stringing a feed wire cable on its poles, to instruct or warn him that while he is grasping the cable in adjusting it on the arm of a pole it may slip from the pins intended to hold it and go off the arm carrying him with it.

A lineman who has been employed in stringing a feed wire cable on poles for more than two weeks, during which time three miles of the cable have been strung, if injured while at work in moving the cable from one pin to another on the arm of a pole from the cable slipping off the arm and carrying him with it, there being nothing to show that the method adopted in moving the wire differed from that previously adopted in stringing the other poles, cannot hold his employer liable for injuries thus caused on the ground that the method was an improper one, as ordinary care would have given the lineman knowledge of the danger incidental to the process, so that he must be presumed to have appreciated it and by continuing to work to have accepted the risk.

The opinion of one of large experience in stringing wires on poles and in moving and repairing such wires, if this is sufficient to qualify him as an expert, is not admissible to show the proper manner of moving a feed wire cable on the arm of a pole, or that a particular manner of doing this is improper, the process of stringing such a cable on the arms of poles erected to support it being so plain and simple, and so well within the scope of common observation and knowledge, as not to be a proper subject for expert testimony.

TORT, by a lineman, for injuries alleged to have been incurred while obeying the order of one Connors, a superintendent of the defendant, to assist in moving a feed wire cable from the inner to the outer pins on the arm of a pole of the defendant at the corner of Bridge Street and Canal Street in Holyoke, the cable, while the plaintiff was grasping it, slipping over the outer pin and going off the pole carrying with it the plaintiff, who was standing with one foot on the rail of the platform on the top of a tower wagon and the other foot on the brace supporting the arm.    Writ dated August 15, 1902.

At the trial in the Superior Court *Lawton,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*R. P. Stapleton & W. H. McClintock,* for the plaintiff.

*W. H. Brooks & W. Hamilton,* for the defendant.

BRALEY, J., The plaintiff rests his right to recover on the ground that the defendant's negligence consisted either in putting him to work in a dangerous place without warning him of the danger to which he was exposed, or in moving the wire by an improper method.

We assume in our decision of the case there was evidence for the consideration of the jury, that Connors was intrusted with and exercised superintendence over the plaintiff at the time of the accident. *Knight* v. *Overman Wheel Co.* 174 Mass. 455.

But to find the defendant liable for a failure to give proper instructions the danger must have been such that the plaintiff would be presumed to have been ignorant of it. There were no concealed risks, and whatever danger there was arose from the possibility of falling, while handling the wire, from the place where he was required to work. Neither was he being urged in his work so that it fairly could be contended that his attention was distracted by a command, on which he would have a right to rely as a possible excuse to relieve him from the imputation of negligence.

It appears that when the cable was firmly drawn and ready to be adjusted, the order was given to the plaintiff to " help . . . lift the wire over." To do this he knew that it would be necessary for him to stand on the platform of the tower wagon, which was just underneath the arm on which the cable rested, and from this position he then voluntarily placed himself with one foot on the brace which supported the arm on that side of the pole, and the other foot on the rail attached to, but two feet higher than the platform, and while taking hold of the arm with his left hand he grasped the cable with his right hand to help lift it over the inner pin so that it could be set in the groove of the insulator on the outside pin and tied.

He also must have known something of its weight and the strain to which it was subjected, for he had helped to place it in position upon the top of the arm, and the fact that at this point of the line, and nearly at a right angle with its former course, there was a sharp turn in the direction in which the cable was to be extended, which might make it more difficult of attachment to the arm, was a matter of common observation. The physical requirements of his work did not prevent him from re-

leasing his grasp, nor was he required by any order, or from the nature of his employment, to retain it, when by so doing his personal safety might be put in peril. If the cable was sufficiently slackened, it was plainly apparent that its weight would be likely to cause it to fall, and in taking the position assumed by him, he could easily have perceived that if from any cause the cable was not held securely until fastened to the pin, it would recoil, and if he then retained his grasp he might be thrown to the ground. As all these conditions were open and visible no instructions at this time would have afforded to him any further information as to the nature of the work, or the way in which it was to be performed, than that which he possessed already, and the defendant owed no duty to instruct, where instructions were unnecessary. *Downey* v. *Sawyer*, 157 Mass. 418. *Stuart* v. *West End Street Railway*, 163 Mass. 391, 393.

Under the second claim of liability, the plaintiff argues that he had a right to have this issue submitted to the jury.

If some other way than the simple process finally used to place the cable in position would have been better, and more safe, yet the plaintiff had been assisting in putting up the cable for more than two weeks before the accident. During this time about three miles of wire had been strung, and his testimony discloses that he was substantially familiar with the manner in which it was raised and attached to the arms of the poles, and there is nothing to show that the method employed to adjust it to the arm of this pole differed from that previously followed.

The acting superintendent was using a method already in use by the defendant, and with which the plaintiff was familiar. If he considered the way in which the work was being done unsafe, he was not obliged to continue in its employment as a lineman, but if he chose to go on, he accepted that way, with whatever risk attached to it. *Goodes* v. *Boston & Albany Railroad*, 162 Mass. 287, 288.

Although he also testified that he was not told, and that he did not know, that it was dangerous to move the cable from one pin to the other, yet under the circumstances he cannot be excused from the exercise of ordinary care which would have given him such knowledge, and must be presumed to have ap-

preciated any danger incidental to the process. *Moulton v. Gage*, 138 Mass. 390. *Lothrop v. Fitchburg Railroad*, 150 Mass. 423, 425. *Goldthwait v. Haverhill & Groveland Street Railway*, 160 Mass. 554, 556. *Sullivan v. Simplex Electrical Co.* 178 Mass. 35. *Lodi v. Maloney*, 184 Mass. 240. *Gavin v. Fall River Automatic Telephone Co.* 185 Mass. 78.

The remaining exception relates to the exclusion of the evidence of a witness called by the plaintiff, who from his large experience in stringing, moving and repairing similar wire, was asked to give his opinion of what would be the proper way to move the cable, and whether the method adopted was improper.

Even if it is conceded that the witness was qualified to give an opinion, this evidence was excluded properly. Where the issue to be tried involves technical or mechanical knowledge not commonly understood, such evidence is admissible to enable a jury to draw correct inferences, and to form a reliable judgment of the effect of the testimony, but the process of stringing a cable wire on the arms of poles erected to support it is so plain and simple that it is well within the scope of common observation and knowledge, and can be intelligently comprehended by a jury without the aid of opinion evidence. *Oliver v. North End Street Railway*, 170 Mass. 222. *Flynn v. Boston Electric Light Co.* 171 Mass. 395. *Edwards v. Worcester*, 172 Mass. 104. *Spillane v. Fitchburg*, 177 Mass. 87. *Gibson v. International Trust Co., ante*, 454.

As the plaintiff has failed to prove any act of negligence on the part of the defendant his exceptions must be overruled.

*So ordered.*