CHARLES WOLFE *vs.* NEW BEDFORD CORDAGE COMPANY.

Bristol.    October 25, 1905. — December 4, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Employer's liability.    *Evidence*, Opinion: experts.

If an employer furnishes a workman with appliances suitable for the work which he is employed to perform, it is immaterial that in the opinion of a mechanical expert some other appliance might have been more suitable.

At common law a master is not liable to a servant who is injured by reason of his being furnished with a defective appliance negligently selected for him by a fellow servant.

It is not the duty of the proprietor of a machine shop to warn an apprentice, who has assisted in driving teeth of iron or steel into bars and in repairing them, that such teeth when struck by a crowbar may break and fly out and hit him in the eye.

An apprentice employed in a machine shop to assist the machinist in repairing machines assumes the risk of an injury caused by the construction of machines in the usual and ordinary way.

An expert cannot be asked whether there is any difference in the appearance of iron and steel when both are highly polished, this being a matter of common knowledge.

TORT, by an apprentice employed in a machine shop of the defendant to assist the machinist in repairing machinery, for the loss of an eye, from one of the teeth or needles attached to the bars of a machine which he was assisting to repair flying off and striking the plaintiff in the eye, while under the direction of the machinist he was trying to separate two of the bars of the machine with a crowbar furnished by the defendant for the purpose, in order to release a part of a broken endless chain which had become snarled, so that it could be reconnected. Writ dated September 22, 1902.

In the Superior Court *Holmes*, J. at the close of the plaintiff's evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions, raising the questions stated in the opinion.

*J. P. Doran & E. T. Bannon*, for the plaintiff, submitted a brief.

*A. J. Jennings*, for the defendant.

BRALEY, J.    While the declaration contained a count charging negligence in setting the plaintiff at work to help repair a finish-

ing frame without warning him of the danger that the teeth or needles on the endless chain might break, and if they did he might be injured, he rests his right to recover principally on a failure to provide him with suitable appliances with which to make the repairs.

The frames in the defendant's factory were of different sizes. On the largest machines because of the weight of the chain a tackle was used to lift it out, but the undisputed testimony of the machinist in charge of the work, and under whom the plaintiff was working as an apprentice at the time of the accident, makes it evident that a crowbar was considered a suitable appliance for this purpose on a machine of the size of that which was being repaired.

An employer while under no obligation to provide the most modern machinery and tools for the use of his employees must furnish those that are reasonably safe and adapted to the work, and keep them in proper repair. *Fuller* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 424. *Slattery* v. *Walker & Pratt Manuf. Co.* 179 Mass. 307.

In connection with the work being done the crowbar itself was neither a defective nor an obsolete tool, but the danger arose from the manner in which the bar was used when the plaintiff helped to lift the chain from its position.

The mere fact that one of the teeth or needles struck and broke on the plaintiff's bar is not evidence of a defective appliance, for the needle equally might have broken upon coming into contact with a tackle block and hook if they had been used.

That some other appliance in the opinion of mechanical experts might have been more suitable, or that one appliance was safer than another, was immaterial, as that provided appears to have been fit and proper.

But as the action was at common law, and both crowbars and tackles are shown to have been provided, though the plaintiff testified that no other appliances were immediately available, if the machinist in charge carelessly selected a crowbar for the plaintiff's use rather than a tackle, such negligence would be the act of a fellow servant for which the defendant would not be responsible.

If the teeth or needles were of steel, no evidence is found to support the allegation of the second count that they " were made of highly tempered steel which was so tempered and constructed that said teeth were liable to break when brought forcibly in contact with any hard substance," and it must be presumed that the machine was constructed of suitable materials.

No duty devolved upon the defendant to inform the plaintiff that if the teeth broke the parts might fly, for being an apprenticed machinist he had assisted in driving teeth into, and repairing bars, and such a danger, even if the needles were made of steel, being obvious, no instructions were required. *Meehan* v. *Holyoke Street Railway*, 186 Mass. 511.

Or it may be said that by his contract of employment he took the premises as he found them with the accompanying risk of the frames being constructed in the usual and ordinary way, which might include steel teeth. *Wagner* v. *Boston Elevated Railway*, 188 Mass. 437, and cases there cited.

The offer to show by an expert that when both metals are polished mere visual observation will not reveal the difference in density between iron and steel so as to enable the observer to distinguish one metal from the other was rightly excluded,[*] for this being a matter of common knowledge, the jury did not need the aid of such evidence. *Meehan* v. *Holyoke Street Railway, ubi supra*, at page 514.

*Exceptions overruled.*

---

[*] The questions asked by the plaintiff and excluded by the court were as follows:

" Now, Mr. Demarais, to an inexperienced person do you think the difference between polished iron and polished steel is perceptible, apparent? "

" Is there any difference in the appearance of the two metals, iron and steel, when they are highly polished, when both are highly polished? "

" Is it possible from mere observation to tell the difference between iron and steel if both metals are highly polished? "