MICHAEL MORAN, administrator, *vs.* CITY OF CHELSEA.

Suffolk.    January 14, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action against a city by a laborer employed by it in digging a trench for a sewer, for personal injuries from a stone falling upon him which some fellow workmen on the bank under the direction of a foreman were attempting to pull out of the trench, it appeared that previously the plaintiff had worked for ten years in a stone quarry where stones were hoisted, although his own work was drilling, that the plaintiff at the suggestion of the foreman, assisted by another workman, had fastened the rope around the stone, that the stone was two or three feet long and eighteen or twenty inches thick, weighing between three and four hundred pounds, that it was egg-shaped and its surface was smooth and slimy, that the plaintiff and his fellow workman in the trench were assisting in raising the stone by lifting and pushing, when the rope slipped and the stone fell on the plaintiff, causing the injuries. There was evidence that one of the men on the bank said that the rope was not going to hold, and that the foreman replied to him " You never mind the rope. You pull up the stone." There was nothing to show that this reply was heard by the plaintiff. *Held,* that the danger was an obvious one understood by the plaintiff and that by choosing to place himself underneath the stone, where if it slipped it would fall on him, he failed to exercise due care ; *also,* that the reply of the foreman to the workman on the bank, although it might be evidence of negligence on the part of the defendant, furnished no excuse for the failure of the plaintiff to exercise due care.

MORTON, J.    This is an action of tort to recover for injuries received by the plaintiff's intestate, one Woods, while employed

by the defendant as a laborer in digging a trench for a sewer. In digging, Woods and another man uncovered a stone eighteen or twenty inches thick, and two or three feet long and pear or egg-shaped and weighing between three and four hundred pounds. "It was smooth and slimy." There was some talk between Woods and the foreman as to how it should be removed, and Woods suggested breaking it with a sledge, but the foreman said that he had none, and told some men to get a rope, which they did. Woods and the man with him fastened the rope round the stone and some men on the bank attempted to pull it out, Woods and his companion assisting by lifting and pushing, when the rope slipped and the stone fell on Woods causing the injuries complained of. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the judge to instruct the jury, amongst other things, to return a verdict for the defendant and to rule that the plaintiff was not in the exercise of due care, and that there was no evidence of negligence on the part of the defendant.

We think that a verdict should have been ordered for the defendant. The use of the rope to get out the stone with was not negligence on the part of the foreman. On the contrary the experts called by the plaintiff testified that it was proper, one of them going so far as to say that he had used the method of fastening which the testimony showed that Woods used. Woods was not directed to assist in lifting or raising the stone, but, assuming, as would naturally be the case, that he was expected to do so, the general danger was as apparent to him as to the foreman and therefore he needed no warning or instruction. He fastened on the rope himself and from his experience in the quarry * might well be supposed to be competent to do it. The slippery character of the surface of the stone and its peculiar shape were obvious, as was also the fact that if not properly fastened the rope might slip and the stone fall and injure whoever was beneath it. He was left to take such position as he saw fit in doing a work the general danger of which was apparent, and

---

* It appeared that the plaintiff previously had been employed for ten years in the work of quarrying stone, his work being to strike the drill and to blast, and that where he was working stones were loaded by fastening chains around them and hoisting them on the wagons with derricks.

in which, as was observed in *Lodi* v. *Maloney*, 184 Mass. 240, the degree of the danger would vary with the position that was taken. He saw fit to place himself almost if not directly underneath the stone in a position where if the rope slipped and the stone fell he was liable to be injured, and we think that he must be held to have been wanting in due care, or to have assumed the risk.

Assuming that the remark made by the man on the bank that the rope was not going to hold and the reply of the foreman * furnished some evidence of negligence on the part of the latter, and therefore that the judge was right in refusing to rule that there was no evidence of negligence on the part of the defendant, there is nothing to show that the reply was heard by Woods or that the circumstances under which it was made furnished any excuse for the failure to exercise due care on his part. *Lodi* v. *Maloney, supra. Meehan* v. *Holyoke Street Railway*, 186 Mass. 511. *Tanner* v. *New York, New Haven, & Hartford Railroad*, 180 Mass. 572. *Fay* v. *Wilmarth*, 183 Mass. 71. *Gavin* v. *Fall River Automatic Telephone Co.* 185 Mass. 78. *La Belle* v. *Montague*, 174 Mass. 453. *Cunningham* v. *Lynn & Boston Street Railway*, 170 Mass. 298.

*Exceptions sustained.*

*S. R. Cutler*, (*H. W. James* with him,) for the defendant.
*C. W. Bond*, (*H. H. Bond* with him,) for the plaintiff.

---

* The reply of the foreman was "You never mind the rope. You pull up the stone."