GEORGE E. WHITE *vs.* WELLS BROTHERS COMPANY OF NEW YORK.

Suffolk. March 10, 1913. — May 21, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Negligence*, Employer's liability.

At the trial of an action by an employee against his employer for personal injuries alleged to have been caused by negligence of a superintendent of the defendant, there was evidence that the plaintiff was assisting in handling a large rectangular block of stone, that by orders of the superintendent two fellow employees were using the blade of a longshoreman's truck to pry up one end of the stone while the plaintiff put under it a roller the size of his arm, and that while they were doing so the truck wheels rolled back and the stone fell on the plaintiff's fingers. The same method of operation had been used, with the plaintiff assisting, the day before, and there was no evidence that it was inadequate or unsuitable, or that it would have been feasible or was customary to block the wheels of the truck or that it was improper to fail to do so. *Held*, that there was no evidence of negligence of the defendant's superintendent.

*It seems*, that a workman who is placing a wooden roller under a heavy stone, the end of which is being pried up for the purpose, is not in the exercise of due care if he puts his fingers on top of the roller so that the stone will fall on them if it comes down on the roller prematurely.

DE COURCY, J. The plaintiff seeks to recover from his employer for personal injuries received by him while moving a large stone from a platform to a wagon in the Huntington Avenue freight yards. For ten or twelve days before the accident he had been engaged in the work of unloading stone blocks from freight cars and moving them into wagons, under the general direction of one Wilson, who was a superintendent of the defendant. These stones were handled either by derricks, of which there were two, or by means of a longshoreman's truck, the blade of which was about a foot wide and wrapped in burlap.

The plaintiff was the only witness, and from his testimony the following facts might have been found. On the day of the accident the plaintiff and three other men were handling a stone that was about two feet square and five or six feet long, and was resting on a piece of board that raised it about an inch above the ground. In order to get it on rollers, preparatory to moving it away, Wilson directed the other three men to use the truck for

prying up the stone, and told the plaintiff to take a roller and put it under. This roller was about a foot and a half long and was described as "big around as my [the plaintiff's] arm." The other men put the blade of the truck under the end of the stone and pried down on the handles, and the plaintiff then tried to put the roller underneath. The stone was not high enough, however, and Wilson told the other men to pry it higher. They did so, and the plaintiff slipped the roller under; and while he was doing this the truck wheels rolled back and the stone fell and crushed his finger, which rested on top of the roller.

It is contended by the plaintiff that on this evidence it might be found that the defendant's superintendent was negligent in employing this method for lifting the end of the stone or in failing to order the wheels of the truck to be blocked. But there was not the slightest evidence that this method was inadequate or unsuitable, and it had been used before the day of the accident, by the plaintiff and his fellow workmen. Nor was there any testimony, expert or otherwise, that it would be feasible to use a chock for blocking the wheels, or that other persons customarily used one, or that the failure to use one was improper in any degree. *Carney* v. *Boston Elevated Railway,* 212 Mass. 179. *Bonin* v. *Ballard,* 196 Mass. 524. *Archambault* v. *Archambault,* 184 Mass. 274. *La Belle* v. *Montague,* 174 Mass. 453. Not only does the evidence fail to show that the plaintiff's injury was caused by negligence on the part of the defendant, but it suggests as the most probable explanation the carelessness of his fellow workmen in not holding the stone at its proper height. For this the defendant is not legally responsible. *McMahon* v. *Rice,* 208 Mass. 597. *Bonin* v. *Ballard,* 196 Mass. 524. *Regan* v. *Lombard,* 181 Mass. 329.

The defense of assumption of risk is not set up in the answer. In view of our conclusion as to the defendant's negligence it is not necessary to discuss the question of the plaintiff's due care. But it seems clear that in the simple act of slipping a roller under a heavy stone, ordinary care on the plaintiff's part would require him to keep his hand from under the stone, or at least to grip the sides of the roller so that his fingers would be protected in case the stone should fall or be let down prematurely. *Moran* v. *Chelsea,* 194 Mass. 428. *Slade* v. *Beattie,* 186 Mass. 267. *Kilroy*

v. *Foss*, 161 Mass. 138. *Pendergast* v. *Burley & Stevens*, 208 Mass. 33.

*Exceptions overruled.*

The case was submitted on briefs.

*D. B. Jefferson, B. Berenson & G. F. Parker,* for the plaintiff.
*W. B. Luther,* for the defendant.