EDWARD McCANN *vs.* CENTRAL CONSTRUCTION COMPANY.

Suffolk.    May 19, 1914. — October 22, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, SHELDON, DE COURCY,
& CROSBY, JJ.

*Negligence,* In dragging heavy stone.

A contractor's foreman, who orders a teamster of twenty-five years' experience,
whom he has hired with his team from a master teamster, to unhitch from
the wagon the pair of horses he has brought with him and hitch them to a
lead bar for the purpose of dragging a flagstone six feet long by three feet
wide to a place about forty feet distant, owes no duty to the teamster to
tell him that, if he has only ordinary reins, he should walk alongside the
horses in a place of safety instead of walking between the horses and the
stone where he may be hit by the stone as it is being jolted over rough
ground.

DE COURCY, J.    The defendant corporation was engaged in re-
paving and repairing Hancock Street in the part of Boston called
Dorchester, and procured some teams and drivers from one
Edward Burns, a teaming contractor, to use in connection with
its work.   Burns had sent his employee, the plaintiff, with a pair
of horses, to report to the defendant's foreman, one Condry.
After taking a load of macadam or gravel to the dump, the plain-
tiff was directed by Condry to take the horses from the wagon,
hitch them to a lead bar and drag a flagstone, that was about six
feet long and three feet wide, from its position on the crosswalk
to a place about forty feet distant.

This lead bar was a piece of timber four or five feet long, with
a whiffletree at each end, to which a horse was hitched.   On the
other side of the bar, and attached to its ends, was a chain which
extended toward the stone to be dragged; the bar and chain
forming a triangle, at the apex of which was a ring.   Another
chain was fastened around the stone and hooked to the ring.   The
plaintiff walked between the horses and the stone while driving,
and had gone but a short distance when the stone struck his foot
and injured him.

The defendant asked the judge * to rule that upon all the evidence and pleadings the plaintiff was not entitled to recover. This ruling should have been given. The declaration alleged only that through the negligence of the defendant "said stone became detached from its chain and rolled over on to the plaintiff's foot." There was no evidence to support this allegation, or to show that the chain was defective or was imperfectly fastened to the stone; and no motion to amend the declaration was made.

It is now argued that the defendant's foreman, Condry, was negligent in ordering the plaintiff to do this work without extension reins. Even assuming that this contention is open to the plaintiff, in our opinion it cannot prevail. The plaintiff was a teamster with an experience of more than twenty-five years, and was familiar with this kind of work. Condry had no reason to assume that he needed any instruction in carrying out the order to move the stone, even though he used ordinary reins. It is perfectly apparent from the evidence that he might have walked alongside the horses in a place of safety; and Condry well might assume that he would do so instead of walking directly in front of a stone that was being jolted over the rough ground. *White* v. *Wells Brothers Co. of New York*, 214 Mass. 444. And it is to be noted that if the plaintiff had wanted extension reins he should have brought them with him, as his employer Burns, and not the defendant, was the one who would furnish them.

As there was no evidence of negligence on the part of the defendant, it is unnecessary to consider the questions of the plaintiff's due care and assumption of risk. Under the provisions of St. 1909, c. 236, § 1, the entry must be

*Judgment for the defendant.*

The case was submitted on briefs at the sitting of the court in May, 1914, and afterwards was submitted on briefs to all the justices.

*E. I. Taylor & J. W. Britton*, for the defendant.
*D. H. Coakley & J. G. Walsh*, for the plaintiff.

---

* *Hall*, J. The jury returned a verdict for the plaintiff in the sum of $775; and the defendant alleged exceptions.