*F. H. Tarr,* for the defendant.

WILLIAM P. CARROLL *vs.* AUGUSTUS HUBBARD & another.

Essex.    November 4, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability.

At the trial of an action by an employee in a cracker factory against his employer for personal injuries caused by the plaintiff's hand being crushed under the plunger of a cracker pressing machine, there was evidence tending to show that the plaintiff's duties were to receive the pressed dough from the machine by pulling it out on a canvas apron which was not run by machinery, that from two years' acquaintance with the machine he was familiar with its simple construction and fully appreciated the danger of placing his hand under the plunger when the machine was in motion, that at the time of the accident the machine should not have been in motion and the plaintiff was at its side sprinkling flour on dough in a large trough separated from the machine, that unnecessarily, and in some way which the evidence left to conjecture, he rested his left hand on the machine and under the plunger, when the machine started automatically, the plunger descended, and the hand was crushed, that half an hour before the accident he had noticed the machine start automatically and had reported that fact to the defendant's machinist, that later he saw the machinist fixing it, but the machinist never stated to him that he had remedied the defect. *Held,* that there was no evidence warranting a finding that the plaintiff was in the exercise of due care.

DE COURCY, J.   At the time of the accident the plaintiff, who was employed in the defendants' cracker factory and bakery, was standing alongside a large trough or box.   In this box there was dough, on which he was shaking flour with his right hand. He permitted his left hand to rest on a machine, known as a

* Dismissing the bill made by *Hamilton,* J.   The plaintiffs appealed.

cracker press, and in some way this hand got beneath the plunger and was injured.

The cracker machine was used for the purpose of pressing down to a thickness of two inches the lump of dough that was placed on the canvas apron. When it was in operation one Jensen fed the machine, and the plaintiff took the dough away by pulling out the apron on which it rested; and in doing so there was no occasion for him to put his hands near the plunger. The movement of the plunger up and down was slow. The room was well lighted.

The plaintiff testified that the plunger or press was down, and the machine at rest, before the accident, and that suddenly it started up automatically. The jury might accept this account, notwithstanding his statements after the accident and the testimony of the other witnesses that the machine had not been stopped. If his testimony should be believed it furnished evidence of a defective condition of the machine which might be attributed to the defendants' negligence. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188. .

But we are of opinion that the evidence would not warrant a finding of due care on the plaintiff's part. He had worked on this machine for two years, was familiar with its simple construction and operation, and fully appreciated the dangerous consequences of getting his hand under the plunger. On his own testimony he had noticed the machine start automatically half an hour before the accident, and had reported to the machinist Kennedy that it was repeating. Although later he saw Kennedy fixing the machine, he received no verbal assurance that the defect had been remedied. The explanation of how his hand got underneath the plunger he leaves to conjecture, stating only that "it slid under there," and "my hand somehow or other, accidentally got under the press." In the work he was doing, sprinkling flour upon the dough in the box, there was no occasion for him to have his hand on the machine, much less in the vicinity of the plunger. There is no evidence that he lost his balance and fell toward the press. The starting up of the machine would not put in motion the canvas apron upon which his hand was resting. So far as appears from the record the movement of his hand into the place of danger was a voluntary though unnecessary one. The burden

was upon him to show that no want of due care on his part contributed to the happening of the accident. This he failed to sustain, and the trial judge* rightly directed a verdict for the defendants. *Pendergast* v. *Burley & Stevens*, 208 Mass. 33. *Kilroy* v. *Foss*, 161 Mass. 138. *Slade* v. *Beattie*, 186 Mass. 267. *White* v. *Wells Brothers Co. of New York*, 214 Mass. 444.

The defense of assumption of risk need not be considered. In accordance with the report judgment on the verdict is to be entered as of May 22, 1914.

*So ordered.*

*W. A. Pew*, (*S. F. Whalen* with him,) for the plaintiff.

*H. R. Bygrave, M. L. Sullivan & J. J. Ronan*, for the defendants, submitted a brief.

───────────

* *Keating*, J., who at the close of the evidence ordered a verdict for the defendants and reported the case to this court for determination, judgment to be entered, as of May 22, 1914, for the plaintiff in the sum of $1,500 if the jury would have been warranted in finding for the plaintiff; otherwise, judgment to be entered, as of the same date, for the defendants.