PATRICK CUSICK *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   November. 11, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action by a freight handler against a railroad corporation by which he was employed for personal injuries caused by the falling of a pile of large bales of sisal grass, it appeared that the plaintiff had been a freight handler for many

years and was very familiar with the method of piling up bales, that the bales were being piled for storage, that a superintendent of the defendant ordered the plaintiff to go up on the pile and pull in one of the bales which was projecting, that the plaintiff went upon the pile, and, when he reached with his hook to draw in the bale that was projecting, the bales on which he stood went from under his feet and the pile fell. *Held,* that there was no negligence on the part of the superintendent in giving the order or in failing to warn the plaintiff of the unfinished state of the pile and the consequent danger of climbing upon it, and that the plaintiff could not recover.

TORT for personal injuries sustained by the plaintiff on October 18, 1907, when working as a freight handler on Pier 2 of the defendant in that part of Boston called South Boston, the declaration containing three counts, the first alleging a failure of the defendant to provide the plaintiff with a safe and suitable place in which to work, the second count alleging negligence of a superintendent, and the third count alleging a defect in the ways, works or machinery of the defendant. Writ dated January 17, 1908.

In the Superior Court the case was tried before *Jenney,* J. At the close of the plaintiff's evidence, which is described in the opinion, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*G. P. Beckford,* for the plaintiff.

*J. L. Hall,* for the defendant.

HAMMOND, J. The plaintiff with several fellow workmen was piling up for storage large bales of sisal grass, called by the workmen "a kind of hemp." He was engaged in trucking the bales on a large two-wheel truck to the pile from another part of the floor, although it is a fair inference from the record that he was liable at any time to be called to exchange work with either of his fellows. While the work was in progress the plaintiff was ordered by Wells, the person superintending the work, to pull in a bale which was out of line.

As to the circumstances of the accident the plaintiff testified as follows: "When I came back with the truck with the bale on it Mr. Wells said — 'Cusick, you go right up and pull that bale, it is projecting out, pull it in.' . . . It was the outside bale altogether, . . . the fourth bale up . . . from the floor. These bales were a little larger than the ordinary bale of hay you see passing on any team on the street." Three men were on the pile

at the time; one was at the bottom and the others of the gang were trucking to the pile. "When Mr. Wells spoke to me I went up on the pile and I reached for the bale and as soon as I reached for the bale the one under my foot went. When he told me to go up on the pile I jumped up on the pile. I reached my hook out to get the bale to pull it in to me, — it was out, — and as soon as I put the hook on the bale to draw it in the other bales that I stood on went from my feet and the whole thing came on top of me. I jumped to dodge the bales and the top bale caught me in the ankle. . . . It broke a bone in the heel, somewhere." He further testified that he knew nothing about the condition of the pile before he went upon it. The bale upon which he stood and which was the first to give way was at the end of the third tier.

The verdict for the defendant was rightly ordered. The pile was not completed, but the workmen were still engaged in arranging the bales and the plaintiff knew it. He had been a freight handler for many years and was very familiar with the method of piling up bales of all kinds. The order was to go upon the pile and arrange one of the bales. It does not appear that the bale upon which the plaintiff stepped was regarded as finally placed. He might select his own way of getting upon the pile, and the order under the circumstances cannot be regarded as giving any assurance that the unfinished pile was secure. Indeed the order contemplated an act to make the pile secure. We see no negligence in the superintendent's giving the order, or in failing to warn the plaintiff, who was an experienced workman, of the unfinished state of the pile and the consequent danger in climbing upon it.

The case is to be distinguished from *Millard* v. *West End Street Railway*, 173 Mass. 512, and other similar cases cited by the plaintiff, and must be classed with cases like *Boisvert* v. *Ward*, 199 Mass. 594.

*Exceptions overruled.*