EDWARD A. MCGONIGLE *vs.* ARTHUR H. O'NEILL & others.

Suffolk. February 17, 1922. — February 17, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Employer's liability, Contributory.

At the trial of an action for personal injuries against an employer, who was not insured under the workmen's compensation act, there was evidence that the plaintiff while in the employ of the defendant stood upon a stepladder furnished by the defendant to repair an awning and was injured by the breaking of the stepladder. There also was evidence tending to show that the stepladder was more than twenty years old and had dry blue or black rot at or near the break and that this defective condition might have been discovered by adequate inspection by the employer. *Held,* that

(1) Since it was provided by G. L. c. 152, § 66, that the defences, that the plaintiff was negligent or had assumed the risk of injury, were not open, the only question was whether there was evidence of negligence of the defendant having a causal connection with the injury to the plaintiff;

(2) It was the employer's duty to exercise reasonable care to provide for the plaintiff appliances suitable for his work;

(3) The continuing duty of inspection and repair was personal to the defendant and could not be delegated;

(4) The action rightly was submitted to the jury.

TORT for personal injuries, received from the breaking of a stepladder owned by the defendants upon which the plaintiff, while in their employ, was standing to repair an awning. Writ dated February 7, 1919.

In the Superior Court the action was tried before *Keating,* J. The material evidence is described in the opinion.

At the close of the evidence the defendants moved that a verdict be ordered in their favor and also sought instructions that, in the circumstances, the plaintiff had assumed the risk of his injury. The judge denied the motion and refused to give the requests. The jury returned a verdict for the plaintiff in the sum of $3,000; and the defendants alleged exceptions.

*R. T. Healey,* (*A. D. Healey* with him,) for the defendants.

*J. J. Walsh,* for the plaintiff, was not called upon.

BY THE COURT. This is an action of tort at common law to recover compensation for personal injuries received in 1918 by the plaintiff while employed in the usual course of their business by the defendants, who were not insured under the workmen's compensation act. It is no defence that the plaintiff was negligent or had assumed the risk of injury. St. 1911, c. 751, Part I, § 1, G. L. c. 152, § 66. The only question is whether there was any evidence of negligence of the defendants having a causal connection with the injury to the plaintiff. The plaintiff was hurt by the breaking of a stepladder furnished him for use by the defendants. There was evidence tending to show that the stepladder was more than twenty years old and had dry blue or black rot at or near the break, and that this defective condition might have been discovered by adequate inspection by the employers. It was their duty to exercise reasonable care to provide for the plaintiff appliances suitable for his work, and the continuing duty of inspection and repair was personal to the defendants and could not be delegated. Without reciting the testimony in detail, it is enough to say that the case was rightly submitted to the jury. *Carroll* v. *Metropolitan Coal Co.* 189 Mass. 159. *Ryan* v. *Fall*

*River Iron Works Co.* 200 Mass. 188, 192.   *Hix* v. *New York Central & Hudson River Railroad,* 230 Mass. 309, 311.   There is nothing in *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65, which aids the defendants.   The case is quite distinguishable from *Allen* v. *Smith Iron Co.* 160 Mass. 557.

*Exceptions overruled.*