WILLIAM G. MANTER, administrator, *vs.* NEW BEDFORD, MARTHA'S VINEYARD & NANTUCKET STEAMBOAT COMPANY.

Dukes County.    October 22, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Negligence,* In use of steamboat wharf, Invited person, Contributory negligence.

At the trial of an action by an administrator against a steamship company for the causing of conscious suffering by and the death of one who, while on a wharf of the defendant, was struck by the handle of a truck being propelled by employees of the defendant, there was evidence tending to show that the truck was loaded with bags of cement weighing a ton and was being propelled by three employees of the defendant from a steamboat unloading at the wharf diagonally across the wharf up a slight grade to an inclined plane rising six inches in its length of three feet at the entrance of a freight house of the defendant; that before entering the freight house it was necessary to make a turn of the truck; that one of the men propelling the truck was at the front holding the handles and two were at the back, and that the men were running; that the man at the front tried to make a turn to ascend the riser at the entrance of the freight house but did not succeed, and that the handle struck the plaintiff's intestate and the truck went up against the doorway, striking the building with force; that the plaintiff's intestate, a man of considerable experience as a truckman, who frequently had been upon the wharf to deliver and receive freight and was familiar with conditions there, was upon the wharf for the purpose of removing merchandise from the freight house to be delivered to his employer in an adjoining town and, when hurt, was standing outside the entrance to the freight house and a short distance therefrom, just having walked out through the door carrying a box which he had placed outside preparatory to its removal from the wharf. There was a verdict for the plaintiff, and the defendant alleged exceptions. *Held,* that

(1) The issue of the negligence of the defendant's employees rightfully was submitted to the jury;

(2) The plaintiff's intestate had the rights of a person invited by the defendant to be on the wharf;

(3) The conduct of the plaintiff's intestate did not require a ruling that he voluntarily or intentionally had assumed the risk of the injury he re-

ceived and that he had waived the performance by the defendant's employees of the duty to observe due care toward him;

(4) There was no evidence that the injury was caused by the obvious condition of the premises or by a known dangerous condition necessarily and commonly arising in their proper and ordinary use;

(5) Even though the plaintiff's intestate knew the manner of unloading freight and the conditions under which that work was done, he was not as a matter of law negligent in his conduct: the question of his due care was for the jury.

TORT by the administrator of the estate of Lester D. Mayhew, late of Tisbury, for the causing of his conscious suffering and death resulting from his being struck by the handle of a large truck operated by employees of the defendant while unloading one of its steamers at a wharf of the defendant. Writ dated February 14, 1923.

In the Superior Court, the action was tried before *Flynn, J.* Material evidence is described in the opinion. The defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant asked for the following rulings:

" 1. On all the evidence the plaintiff is not entitled to recover on either count of his declaration.

" 2. As the danger of being run into by the moving trucks which were being run off the steamer and in and about the place where Mayhew was working could on reasonable observation have been as apparent, open, and obvious to him as to the defendant, the defendant owed no duty to Mayhew to warn him of the danger and the plaintiff cannot recover.

" 3. As the danger of being run into by the trucks was on reasonable observation as obvious and apparent to Mayhew as to the defendant, the defendant was not guilty of negligence and the plaintiff cannot recover."

" 6. As the evidence disclosed that Mayhew, just prior to the accident, was in a position where he must have seen the trucks coming off the ship, down the wharf, and either into the shed or further out on the wharf, he was in a position calling for caution and attention and must be presumed to have known the danger of working in and about the place where the trucks were being used."

" 8. The fact that the employee of the defendant guiding

the truck was not able to turn it into the freight house, is not of itself negligence.  It becomes negligence only if the defendant owed to the plaintiff a duty to keep its truck away from the place where the plaintiff was standing when struck, and if the plaintiff knew or ought to have known that the trucks were coming in the immediate vicinity of where he was, then the defendant owed him no duty."

"10. The defendant had the right to run its trucks on the wharf at any speed or rate it saw fit and if Mayhew knew or saw or could see, by reasonable observation, the method of operation, the defendant was not, as to Mayhew, negligent in so operating its trucks."

The jury found for the plaintiff in the sums of $6,583.33 for the conscious suffering of his intestate (of which the plaintiff remitted all but $3,000) and $5,000 for the causing of his death.  The defendant alleged exceptions.

JENNEY, J.  This action is brought by the administrator of the estate of Lester D. Mayhew to recover damages for conscious suffering and death.

While the plaintiff's intestate was on a wharf leased by the defendant and used by it for the purpose of receiving and discharging passengers and freight, he was struck by the handle of a large truck on which were bags of cement weighing a ton that were being unloaded at high tide from a steamer of the defendant then lying at the wharf.  The trucks were operated by employees of the defendant in the course of their employment.

The question first considered being whether there was evidence sufficient to justify the verdict for the plaintiff, it is necessary to state the facts which could have been found by the jury on the somewhat contradictory evidence.  The plaintiff's intestate, who was employed as a truckman, was on the wharf in the course of his work removing from the freight house boxes of merchandise to be delivered by his employer in a town adjoining that in which the wharf was situated.  He was a man of considerable experience in such work, having been frequently upon the wharf to deliver and receive freight, and was familiar with the conditions there existing and the manner in which freight was ordinarily

unloaded and put into the freight house. When hurt, he was standing outside the entrance to the freight house and a short distance therefrom, having just walked through the door carrying a box of freight which he had placed outside preparatory to its removal from the wharf.

The surface of the wharf was not entirely level, there being a descent of about ten inches in a distance of forty-five feet extending from the gangway, where freight was unloaded from the steamer, to the beginning of an inclined plane from the surface of the walk to the freight house doorway. This plane rose six inches in its length of about three feet. It was necessary to make a turn in order to put freight into the building.

The men using the truck were three in number, one at the front, and the other two assisting at the back. The man in front, who held the handles, endeavored to turn into the doorway of the freight house, but did not succeed; one of the handles struck the plaintiff's intestate, and the truck went up against the doorway, striking the building with force. There was evidence that the men were running, although there was much controversy as to the speed of operation.

The defendant's written motion for a directed verdict in its favor was denied. Its exception to this ruling raises the fundamental question in the case and the defendant's requests for rulings numbered 1, 2, and 3 are considered as embraced therein. The defendant contends that it owed no duty to the plaintiff's intestate, and that the evidence did not warrant a finding of negligence, but did require a conclusion that the plaintiff failed to exercise due care.

1. The issue of negligence was rightfully submitted to the jury. The evidence that the truck was propelled in such a manner and at such a rate that a known and unavoidable turn was so made that the truck collided with the person standing outside the doorway through which it was necessary for it to pass, and not within what could have been found to be the usual and obvious course of travel, was sufficient to justify a finding for the plaintiff on that issue.

2. The plaintiff's intestate was rightly on the wharf to receive freight from the defendant and did not stand in the

position of a licensee. *Wendell* v. *Baxter,* 12 Gray, 494.
*Griswold* v. *Boston & Maine Railroad,* 213 Mass. 12. *Sughrue*
v. *Booth,* 231 Mass. 538. His conduct did not constitute such
an intelligent choice of a situation known to be dangerous
as to require a ruling that he voluntarily or intentionally
assumed the risk of the injury and waived the performance
of the duty to observe the due care otherwise incumbent
on the defendant's employees. *Miner* v. *Connecticut River
Railroad,* 153 Mass. 398. *Harris* v. *Boston & Maine Rail-
road,* 211 Mass. 573. Whatever its weight might have been,
there was no evidence that the injury was caused by the
obvious condition of the premises, *Shannon* v. *Willard,* 201
Mass. 377, or by a known and dangerous condition neces-
sarily and commonly arising in the proper and ordinary use
of the premises, *Silvia* v. *New York, New Haven & Hartford
Railroad,* 203 Mass. 519, 522; and there was evidence that
it was caused by negligence in operation of the truck and
not by conditions inherent in the nature of the work which
as a matter of law were foreseeable. *Fitzgerald* v. *Con-
necticut River Paper Co.* 155 Mass. 155, 158. *Shannon* v.
*Willard, supra.* The case is not like *Goddard* v. *McIntosh,*
161 Mass. 253, or *Cole* v. *L. D. Willcutt & Sons Co.* 218
Mass. 71.

3. Even though the plaintiff's intestate knew the manner
of unloading freight and the conditions in which the work
was done, he was not as a matter of law negligent in doing as
he did. His knowledge of the situation, of the manner of
unloading freight, the place in which he stood, and the fact
that he was engaged in getting freight while the defendant's
employees were unloading the steamer, did not raise a legal
barrier against a finding that he exercised due care. That
was a question for the jury.

The exceptions to the refusal to give requests numbered
6, 7, and 8, are not argued, except in so far as they are in-
volved in the questions already discussed. Apparently these
requests were properly covered in other respects by the
charge, to which no exception was taken. Except as already
considered, the exceptions are treated as waived.

*Exceptions overruled.*