FREDERICK HUTCHINSON *vs.* LEWIS SOVRENSKY.

Middlesex.     March 26, 1929. — March 26, 1929.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Employer's liability: fellow servant.

At the trial of an action for personal injuries by one employed as a chauffeur of a truck against his employer, who was not insured under the provisions of the workmen's compensation act, there was evidence that, when injured, the plaintiff was engaged with two other employees of the defendant in loading upon a truck rails formerly used by a street railway company, when the other employees, contrary to instructions given to them, pulled upon a rail in such a manner that the plaintiff's injury resulted. The plaintiff at the time had no license to act as a chauffeur. *Held*, that

(1) There was evidence that, taken in its aspect most favorable to the plaintiff, warranted a verdict in his favor;

(2) In the circumstances, the lack of a license to act as a chauffeur did not bar the action.

TORT for personal injuries. Writ dated June 23, 1926.

In the Superior Court, the action was tried before *Sisk*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $2,300. The defendant alleged exceptions.

The case was submitted on briefs.

*H. Bergson & H. Kalus*, for the defendant.

*J. L. G. Glynn & F. G. Doherty*, for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for personal injuries received by the plaintiff while in the employ of the defendant, who was not insured under the workmen's compensation act.   It is therefore no defence that the plaintiff was negligent or had assumed the risk of injury or was injured by reason of the negligence of a fellow servant.   G. L. c. 152, § 66.   In such case the only question is whether there was any evidence of negligence of the defendant or his servants or agents having causal connection with the injury to the plaintiff.   *McGonigle* v. *O'Neill*, 240 Mass. 262.

The plaintiff was engaged with two other employees of the defendant in loading upon a truck rails formerly used by a street railway company.   The negligence relied on was that one of the three in charge of the work had given instructions that, upon a signal by him, he and another were to pull on the rail and the plaintiff at the other end of the rail was to push; that on the occasion in question he and his fellow workman pulled without giving the signal, with the result that the plaintiff, not knowing that the rail was to be moved, was injured.   There was much conflicting testimony.   The defendant might well have expected a verdict, but the plaintiff was entitled to go to the jury if there was any evidence taken in its aspect most favorable to him which would justify a finding of negligence on the part of the employee of the defendant giving the directions.   In our opinion it cannot quite be said that there was no such evidence.   It need not be reviewed in detail.   The case is distinguishable from *Ridge* v. *Boston Elevated Railway*, 213 Mass. 460, and *Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389, on which the defendant particularly relies.

The plaintiff, among other duties of his employment, was the chauffeur of the truck.   He had no license to act as chauffeur.   That circumstance is no bar to his recovery because among other possible reasons the work upon which he was engaged at the time of the injury was not that of chauffeur and was not in violation of any law.

The case was submitted to the jury rightly, and no error was committed in the refusal to set aside the verdict of the jury and enter a verdict for the defendant.

*Exceptions overruled.*

*Judgment on the verdict.*