### JOHN LYONS *vs.* ADOLPH SOMMER.

Middlesex. January 14, 1931. — January 15, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Employer's liability: negligence of fellow servant, assumption of risk.

A finding for the plaintiff was warranted in an action of tort for personal injuries sustained by the plaintiff while in the course of his employment by the defendant, who was not a subscriber under the workmen's compensation act, where there was evidence that the injuries were caused by the negligence of a fellow employee of the plaintiff while they alone, instead of a greater number of employees, were attempting to move a piece of iron too heavy for their strength: a finding was not required that there was contractual assumption of the risk on the part of the plaintiff.

TORT. Writ in the Third District Court of Eastern Middlesex dated November 21, 1929.

Material evidence at the trial in the District Court is stated in the opinion. The trial judge found for the plaintiff in the sum of $750 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*D. P. Israel,* for the defendant.

*L. P. Doherty, J. T. Doherty, & G. F. Grimes,* for the plaintiff.

RUGG, C.J. This is an action of tort by an employee to recover compensation for personal injuries alleged to have been received in the course of his employment through the negligence of a fellow employee. There was evidence tending to support the allegations of the declaration as to the cause of injury. The defendant was not a subscriber under the workmen's compensation act and hence cannot show in defence that the plaintiff was negligent or that his injury was caused by the negligence of a fellow employee. The evidence need not be narrated.

There was evidence tending to show that the injury was received through the negligence of a fellow employee acting within the scope of his employment. Apparently the cause of the injury was that two employees instead of four were undertaking to move a piece of iron too heavy for their strength. No discussion is needed to demonstrate that the case at bar is governed in principle by *Bernabeo* v. *Kaulback*, 226 Mass. 128, and is distinguishable from *Ashton* v. *Boston & Maine Railroad*, 222 Mass. 65. There are no facts on the present record which require a finding of contractual assumption of risk on the part of the plaintiff.

*Order dismissing report affirmed.*