THOMAS BALDWIN *vs.* ADOLPH SOMMER.

Middlesex. February 5, 1932. — March 1, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Employer's liability, Assumption of risk. *Proximate Cause.*

At the trial of an action of tort for personal injuries by an employee against his employer, who was not a subscriber under the workmen's compensation act, there was evidence that the plaintiff, while riding on a tip cart owned by the defendant and driven by another employee

of the defendant under the direction of the plaintiff, stepped to the rear of the cart to get off; that the body tipped and the plaintiff was thrown to the ground and injured; that the device for keeping the body level was a "home made" contrivance which "did not belong on the cart and should not be on the cart"; and that the ground over which the cart was being driven was rough and caused the cart to jounce. There was further evidence from which it could be inferred that the driver, previous to the plaintiff's injury, had not put in place a hook which formed part of said device. *Held,* that

(1) The evidence did not require a finding that the proximate cause of the plaintiff's injury was the condition of the ground or some inadequacy of the device for holding the body of the cart horizontal;

(2) A finding was warranted that it was reasonably probable that the cause of the injuries was negligence of the driver in failing to put the hook in place;

(3) The evidence did not require a finding that there was contractual assumption by the plaintiff of the risk of the driver's negligence;

(4) A verdict for the plaintiff was warranted.

TORT. Writ dated March 18, 1930.

The action was tried in the Superior Court before *Brown,* J. Material evidence is stated in the opinion. The judge denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff in the sum of $6,750, of which, by order of the judge, the plaintiff remitted all in excess of $3,500. The defendant alleged an exception.

*J. J. Gaffney,* (*D. P. Israel* with him,) for the defendant.

*J. E. Markham,* (*F. J. Garvey* with him,) for the plaintiff.

FIELD, J. This is an action of tort brought by an employee against his employer, who was not insured under the workmen's compensation act, G. L. c. 152, to recover compensation for personal injuries. There was a verdict for the plaintiff. The defendant brings the case here on exceptions to the denial of his motion for a directed verdict.

There was evidence that the plaintiff, a foreman for the defendant, was riding in a tip cart owned by the defendant and driven by an employee of the defendant, that the plaintiff and the driver were acting within the scope of their employment, and that the plaintiff in getting off the cart when it was stopped was thrown to the ground and sustained injuries. Though the defendant was not insured under the workmen's compensation act, the plaintiff was not relieved of the burden of proving that the defendant's negligence

was the cause of the injury (*Currier* v. *Whitin Machine Works*, 258 Mass. 82, 83), but the defendant could not show in defence that the plaintiff was negligent, that his injury was caused by the negligence of a fellow employee, or that the plaintiff had voluntarily assumed the risk of injury. G. L. c. 152, § 66. *Hutchinson* v. *Sovrensky*, 267 Mass. 5, 6.

The evidence warranted a finding that the plaintiff's injury was caused by the negligence of a fellow employee, the driver of the tip cart, which would be the negligence of the defendant. There was evidence that this driver, who was working under the plaintiff's supervision, dumped a load of material and then, by direction of the plaintiff, drove to the place where the plaintiff was and stopped the cart for him to enter it, that the body of the cart was then in a horizontal position, resting on the beam of the cart, that the plaintiff stepped on the forward wheel and over the front of the body of the cart and sat upon the side board next to the front of the body, that after driving some distance the driver stopped and that the plaintiff in getting off the cart stepped toward the rear of the body, and when he had taken one step back of the axle the body tipped and the plaintiff was thrown to the ground. The road over which the cart was driven had been built under the supervision of the plaintiff and was rough, unfinished and crossed by railroad tracks and the tip cart would "jounce" when it was driven over the tracks.

It appeared that the device for keeping the body of the cart horizontal consisted of a block of wood attached to the body which, when the body was horizontal, fitted over an eye bolt in the beam of the cart and was held in place by a hook passed through the eye of the bolt above the block of wood. This hook was attached to one end of an eighteen-inch chain, the other end of which was fastened to the beam. There was evidence that this device was a "home made" contrivance and "did not belong on the cart and should not be on the cart." The driver testified that he could not tell whether he inserted the hook in the eye bolt when he pulled the body of the cart to a horizontal position after dumping the load of material, but that it was impossible for the body to tip after the hook was in its proper place, and that im-

mediately after the accident he found the chain to which the hook was attached hanging down and the hook not in its proper position. The plaintiff testified that when he got into the cart he could not see whether the hook had been inserted through the eye bolt, but that he saw that the hook was not hanging on the chain and assumed that it was in its place.

This evidence recited warranted the inference that the driver did not put the hook in place after dumping his load, and that his failure to do so was negligence. The jury were not required to attribute the plaintiff's injury to the condition of the road or to inadequacy of the device for holding the body of the cart in place (see *Simonds* v. *Interstate Lumber Co.* 215 Mass. 263, 266), but could find that the reasonably probable cause thereof was the negligence of the driver of the tip cart in failing to put the hook in place after dumping his load. See *Young* v. *New York, New Haven & Hartford Railroad,* 273 Mass. 567, 570. Even if the plaintiff had supervision of the work on which the driver was engaged and had directed him to transport the plaintiff in the cart, it does not follow that this negligence of the driver was the negligence of the plaintiff. Nor could it have been ruled that there was contractual assumption by the plaintiff of the risk of negligence on the part of the driver. See *Flaherty* v. *New York Central & Hudson River Railroad,* 211 Mass. 570, 573; *Howard* v. *New York, ·New Haven & Hartford Railroad,* 236 Mass. 370, 374; *Manter* v. *New Bedford, Martha's Vineyard & Nantucket Steamboat Co.* 246 Mass. 551, 555. See, for the distinction between contractual assumption of risk and the voluntary assumption of risk which is not a defence to an action by an employee against an uninsured employer, *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65, 69–70.

Since the evidence of the negligence of the driver of the tip cart warranted a verdict for the plaintiff, it is not necessary to consider whether the evidence of the defective nature of the cart — much of which is not described in this opinion — warranted a verdict for the plaintiff on that ground.

*Exceptions overruled.*