EDWARD SYLVAIN *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   October 5, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence*, Employer's liability.

The doctrine in the law of master and servant called contractual assumption of risk, that a servant assumes the risk of the conditions of the employment which are existing and manifest when the employment begins, is more accurately expressed by saying that the master owes the servant no duty to change the obvious conditions and methods of business in use when the employment begins even though they are less safe than others, and so cannot be charged with negligence in continuing them.   Per LUMMUS, J.

Although a defence of voluntary assumption of risk, when open, must be pleaded and proved by the defendant, the so called contractual assumption of risk need not be pleaded specifically, for it relates to the issue of the defendant's negligence, as to which the burden of proof is on the plaintiff.

At the trial of an action against a railroad corporation, not a subscriber under the workmen's compensation act, by an employee engaged, under a superintendent of the defendant, in applying tar paper to the roof of a freight house, there was evidence that the plaintiff was an experienced roofer's helper; that paper which he was laying was

not rolling straight; that straightening a roll in such circumstances could often be accomplished by rolling it in the opposite direction a little and pulling it straight; that, however, if the paper was too much out of line or was stuck down too hard, the practice was to cut it off and begin the unrolling again from that point; that the plaintiff was directed by the superintendent to straighten out the roll by getting down on his knees and pushing it up; and that in so doing he lost his balance and fell from the roof. A verdict was ordered for the defendant. *Held,* that

(1) The evident dangers incident to such a roofing job afforded no evidence of the defendant's negligence;

(2) The manner of executing the order of the superintendent was left to the plaintiff; it did not require the plaintiff to use any negligent or dangerous method;

(3) There was no evidence of negligence on the part of the defendant or any of its servants, and the ordering of a verdict for the defendant was right.

TORT. Writ in the Municipal Court of the City of Boston dated March 3, 1931.

On removal to the Superior Court, the action was tried before *Brown,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*L. M. Harlow,* for the plaintiff.

*F. P. Garland,* (*J. De Courcy* with him,) for the defendant.

LUMMUS, J. The report brings up the question whether the trial judge was right in directing a verdict for the defendant. The plaintiff, an experienced roofer's helper, was hurt by falling from the nearly flat roof of a freight house while working for the defendant. He was rolling out a roll of tar paper along the edge of the roof, next to the cleat or flashing, while one Crowley, the roofer in charge of the job, was applying pitch to the roof ahead of the paper. Crowley saw that the paper was not rolling straight, and told the plaintiff to straighten it. Straightening a roll under such circumstances can often be accomplished by rolling it in the opposite direction a little and pulling it straight. If, however, the paper is too much out of line, or stuck down too hard, the practice is to cut it off and begin the work again from that point. The plaintiff suggested cutting the paper, but Crowley said, "No, you get down on your knees and push it up." The plaintiff knelt with his left foot in the wooden

gutter and his right knee on the roof about two feet from the edge, tried to straighten the paper, lost his balance, and fell to the ground. On cross-examination he testified that he knew the paper was stuck down too hard to be straightened, and admitted that he was hurt "trying to do an impossible thing in a dangerous way."

The declaration is at common law, alleging negligence of the defendant, its agents or servants. It is not contended that the plaintiff was engaged in interstate transportation, making the State law inapplicable. *Chicago & North Western Railway* v. *Bolle,* 284 U. S. 74. *Chicago & Eastern Illinois Railroad* v. *Industrial Commission of Illinois,* 284 U. S. 296. *New York, New Haven & Hartford Railroad* v. *Bezue,* 284 U. S. 415. We assume, as the parties have assumed, that the defendant was not insured under the workmen's compensation act, and consequently the defences of contributory negligence, assumption of risk and the fellow servant rule are not open. G. L. (Ter. Ed.) c. 152, § 66. *Armburg* v. *Boston & Maine Railroad,* 276 Mass. 418, affirmed *Boston & Maine Railroad* v. *Armburg,* 285 U. S. 234. But the defendant may still rely upon the so called contractual assumption of risk, the doctrine that a servant assumes the risk of the conditions of the employment which were existing and manifest when the employment began; a doctrine more accurately expressed by saying that the master owes the servant no duty to change the obvious conditions and methods of business in use when the employment began, even though they are less safe than others, and so cannot be charged with negligence in continuing them. *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65. *Wood* v. *Danas,* 230 Mass. 587. Although voluntary assumption of risk, when open, must be pleaded and proved by the defendant (*Manning* v. *Prouty,* 260 Mass. 399, 402), the so called contractual assumption of risk need not be, for it relates to the issue of the defendant's negligence, as to which the burden of proof is on the plaintiff. *Cullalucca* v. *Plymouth Rubber Co.* 217 Mass. 392, 396. *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65, 70. *Cuozzo* v. *Clyde Steamship Co.* 223 Mass. 521, 524. The evident dangers incident to a roofing job of this kind afford no evidence of the

defendant's negligence. *Moulton* v. *Gage*, 138 Mass. 390. *Goodes* v. *Boston & Albany Railroad*, 162 Mass. 287. *Boisvert* v. *Ward*, 199 Mass. 594. *Moses* v. *Sprague-Nugent Co.* 219 Mass. 144.

What is relied on as evidence of negligence is the order from Crowley to the plaintiff to get down on his knees and push the roll up. The manner of executing that order was left to the plaintiff, an experienced man who knew the dangers as well as Crowley. The order did not require the plaintiff to use any negligent or dangerous method. *Lothrop* v. *Fitchburg Railroad*, 150 Mass. 423. *Lodi* v. *Maloney*, 184 Mass. 240. *Cusick* v. *New York, New Haven, & Hartford Railroad*, 213 Mass. 306. *Morris* v. *Pike*, 216 Mass. 528. *McCann* v. *Central Construction Co.* 218 Mass. 595. Compare *Bernabeo* v. *Kaulback*, 226 Mass. 128; *Leary* v. *New York Central Railroad*, 235 Mass. 432. There was no evidence of negligence on the part of the defendant or any of its servants, and the direction of a verdict for the defendant was right.

*Judgment for the defendant.*