HENRY DEMARIS *vs.* MATTHEW J. VAN LEEUWEN.

Norfolk.   February 9, 10, 1933. — May 25, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence,* Employer's liability, In cutting timber.

At the trial of an action of tort for personal injuries sustained by the plaintiff while employed by the defendant in his business of planting and caring for trees and shrubs, it appeared that the plaintiff had

worked at various jobs for the defendant, but had had no experience in cutting trees or limbs, that the defendant was not a subscriber under the workmen's compensation act, that the risk of the injury which the plaintiff sustained was not within the contemplation of the parties when the relation of master and servant began and the terms of that relation were fixed, and that there had been no later substituted· contract of employment made with reference to changed conditions. There was evidence that, while the plaintiff was on the ground under a tree, a limb of which was to be sawed off at the direction of the defendant's foreman, and was holding the end of a rope, which, after passing over a limb higher in the tree than that which was to be cut off, at the other end was attached by the foreman by a "timber hitch" toward the outer end of the limb to be cut off, the foreman performed the manual labor of sawing off the limb nearer the tree than the hitch, and the limb, because of the manner in which the rope was used and of a slipping of the "timber hitch," fell and struck the plaintiff. There was a general finding for the plaintiff. *Held*, that

(1) A finding was warranted that the foreman did not exercise the care of a reasonable and presumably experienced man;

(2) The evidence warranted findings for the plaintiff on each of several counts of the declaration averring, respectively, a failure of the defendant to furnish safe appliances and implements, and negligence of a fellow servant;

(3) There was no evidence of a contractual assumption of risk by the plaintiff;

(4) By reason of the provisions of G. L. (Ter. Ed.) c. 152, § 66, the defences of contributory negligence, voluntary assumption of risk and the fellow servant rule were not open;

(5) The general finding for the plaintiff was warranted.

TORT. Writ in the District Court of Western Norfolk dated May 23, 1931.

In the District Court, the action was heard by *James*, J. Material evidence is described in the opinion. There was a general finding for the plaintiff in the sum of $500, and the action was reported to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

*A. T. Handverger*, for the defendant.

*B. Bachner*, for the plaintiff.

LUMMUS, J. The plaintiff was a laborer employed by the defendant in his business of planting and caring for trees and shrubs. For about ten days prior to May 2, 1931, the plaintiff worked at various jobs for the defendant, but had no experience in cutting trees or limbs. On that day he was

helping to detach a limb from a tree in front of the premises of a third person who had hired the defendant to do the job. The limb was about ten feet from the ground, was eleven feet long, and weighed about two hundred fifty pounds. The defendant's foreman, with a rope twenty-five feet long, attached a "timber hitch" to the limb about three or four feet from the small end, threw the rope over another limb about two and one half feet higher at a crotch in the higher limb which was about nine feet away from the "timber hitch" and about twelve and one half feet from the ground, and then directed the plaintiff, who was on the ground, about two and one half feet away from the trunk of the tree, to hold the loose end of the rope. The foreman then sawed off the limb, which fell violently, embedded its large end in the turf for about six inches, toppled over, struck the plaintiff, and injured him.

The declaration is in four counts. The trial judge ruled that the plaintiff could not recover under the first count, which apparently was brought under the employers' liability act, G. L. (Ter. Ed.) c. 153. Probably that ruling was based upon the ground that the foreman was not one whose "sole or principal duty was that of superintendence," and who at the time "was intrusted with and was exercising superintendence." *Moses* v. *Sprague-Nugent Co.* 219 Mass. 144. The second count was at common law for failure to furnish safe appliances and implements. The third and fourth counts, as we construe them, alleged the negligence of a fellow servant. Each count contained the allegation that the defendant was not a subscriber under the workmen's compensation act, and the parties have argued the case upon the footing that that allegation is true. Consequently, the defences of contributory negligence and voluntary assumption of risk, as well as the fellow servant rule, are not open. G. L. (Ter. Ed.) c. 152, § 66. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503. The defendant requested rulings as to each of the last three counts, that the plaintiff could not recover on that count. The judge denied these requests, and found for the plaintiff. The denial of these requests raises all the points argued, and other requests need not be discussed.

The cause of the injury is in dispute. There was testimony that the rope was too small and weak; but it did not break, and there is no evidence that it stretched. There was evidence that a longer rope, thrown over a still higher limb and snubbed around another tree, should have been used. The defendant contended that the injury resulted because the plaintiff failed to hold the end of the rope and permitted the limb to fall; but it is plain from the length of the limb and of the rope from the "timber hitch" to the crotch, that merely holding the rope would not have prevented the limb from falling violently. If, as was testified, the "timber hitch" slipped somewhat, that tended to increase the freedom of the limb in its fall. Altogether, it could be found that the situation when the foreman cut off the limb was one in which harm was likely, and he, as a reasonable and presumably experienced man, ought to have realized the danger. See *Bernabeo* v. *Kaulback*, 226 Mass. 128; *Lyons* v. *Sommer*, 274 Mass. 234. We think that there was evidence warranting a finding as to each count that the injury was caused by the sort of negligence described therein, and we need not consider whether the general finding for the plaintiff could have stood had one count been unsupported by evidence. See *Hagar* v. *Norton*, 188 Mass. 47, 51; *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297, 302; *Farr* v. *Whitney*, 260 Mass. 193, 197. Compare *Gifford* v. *Eastman*, 251 Mass. 520.

It is apparent that the sources of danger in the present case were not within the contemplation of the parties when the relation of master and servant began and the terms of that relation were fixed. Consequently there was no contractual assumption of risk. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135, and cases cited. *Murch* v. *Thomas Wilson's Sons & Co.* 168 Mass. 408. *McLeod* v. *New York, New Haven & Hartford Railroad*, 191 Mass. 389. *Crimmins* v. *Booth*, 202 Mass. 17, 23. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, 497. *Kempton* v. *Boston Elevated Railway*, 217 Mass. 124, 125. *Wood* v. *Danas*, 230 Mass. 587. *Murray* v. *Nantasket Beach Steamboat Co.* 248 Mass. 587. There was no later substituted contract of employment made with reference to changed conditions. See *Leary* v. *Boston*

& *Albany Railroad,* 139 Mass. 580, 587; *Goldthwait* v. *Haver-hill & Groveland Street Railway,* 160 Mass. 554, 557; *Wood* v. *Danas,* 230 Mass. 587. So far as the plaintiff's case rests upon the negligence of a fellow servant, it is settled that there is no contractual assumption of risk of such negligence where as in this case the fellow servant rule does not apply (*Baldwin* v. *Sommer,* 278 Mass. 346, 349, *Lyons* v. *Sommer,* 274 Mass. 234), whatever may be the theory underlying the fellow servant rule. *Farwell* v. *Boston & Worcester Railroad,* 4 Met. 49; *Fanton* v. *Denville,* [1932] 2 K. B. 309. Any assumption of risk by the plaintiff upon the evidence in this case was not open to this defendant, who was not a subscriber under the workmen's compensation act. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503, and cases cited.

*Order dismissing report affirmed.*