RAYMOND H. WATKINS *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk. November 15, 1934. — April 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Employer's liability, Licensee. *Contract,* Of employment. *Agency,* Scope of authority. *Proximate Cause.*

A mechanic's helper employed by one not insured under the workmen's compensation act could properly be found to have had the status of an employee to whom the employer owed the duty of exercising due care, and not the status of a mere licensee on the employer's premises, while engaged in washing his overalls during a supper period allowed him in the course of his work on a certain evening, where, shortly before the supper period, the employer's foreman had complained to him of the condition of the overalls and had instructed him to wash them that evening in a washing machine which the employer provided for the purpose of washing overalls and other equipment and permitted his employees to use on their own time, but not on his time.

A finding was warranted that the foreman of an engine house of a rail-road corporation was acting within the scope of his authority as its agent in directing a mechanic's helper, employed therein, to wash dirty and greasy overalls which, the foreman said to the helper, were a "fire menace" in the helper's clothes locker, and in providing him with a cleansing material to be used in the washing.

Evidence, that an employee of one not insured under the workmen's compensation act was directed by his foreman to use a cleansing substance containing dangerous chemicals; that the employee was not warned by the foreman of the nature of the substance and had no knowledge thereof; and that while the employee was using the substance he accidentally dropped the box containing it, and some of it entered and injured his eyes, warranted findings that the foreman was negligent, whether or not he knew of the nature of the substance, and that there was a causal relation between his negligence and such injury.

TORT. Writ dated February 19, 1930.

The action was tried in the Superior Court before *Swift*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court upon the stipulation that if the verdict was ordered properly judgment should be entered for the defendant, but that if the action should have been submitted to the jury judgment should be entered for the plaintiff in the sum of $7,500.

*J. M. Morrison*, (*J. T. Hargraves* with him,) for the plaintiff.

*H. Lawlor*, for the defendant.

LUMMUS, J. The plaintiff was a mechanic's helper with six years' experience in the employ of the defendant, which was not insured under the workmen's compensation act. *Sylvain* v. *Boston & Maine Railroad*, 280 Mass. 503, 505. *Walsh* v. *Boston & Maine Railroad*, 284 Mass. 250, 251. *Cronan* v. *Armitage*, 285 Mass. 520, 524. He began work at three o'clock in the afternoon on the day of his injury, and had a supper period from seven until half past seven. During the supper period he was expected to remain on call for emergency work. He was working under one Gray, the foreman. He had a locker for his clothes. Just before the supper period Gray complained to the plaintiff about the condition of his overalls and locker, to which he said "they" objected. Gray said, "these dirty, greasy overalls

in the lockers" are a "fire menace . . . the company has provided a washing machine and I have put a box of Oakite used for heavy duty cleaning near the machine and I want you to use this. It will do the work." Gray told him to wash his overalls that evening. The washing machine had been there for two years, and was used for the purpose of washing overalls and other equipment. The defendant allowed its servants to use it on their own time, but not on the company's time. Many of its servants took their clothes home for washing, or sent them to a laundry, but some washed their clothes in the washing machine. One Croumey, the general foreman of the engine house, acting for the defendant, conducted regular inspections of lockers, and objected to greasy clothes in the lockers on account of the fire hazard. Croumey was not working on the day in question, and Gray was the foreman in charge.

The substance which Gray provided for the plaintiff to use was not the mild household cleaning compound called Oakite, but Okemco, a heavy duty cleaner made by the Oakite Products, Inc., containing a large quantity of caustic soda, and used by the defendant to clean greasy locomotive parts. The plaintiff was ignorant of its properties, and was given no warning. In using it during his supper period his eyes were seriously injured by the dangerous chemical contents of the compound.

The question is whether the judge was right in directing a verdict for the defendant upon the evidence already summarized.

The fact that the plaintiff remained on the premises during his supper period and did something not absolutely required by his contract of employment, did not as matter of law change his status from that of a servant to whom the defendant owed the duty of reasonable care (*Cronan* v. *Armitage*, 285 Mass. 520; *Demaris* v. *Van Leeuwen*, 283 Mass. 169), to that of a mere licensee entitled only to freedom from wilful, wanton or reckless injury. While on the master's premises, a servant may be within his employment although he has not begun work or has stopped work. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 34. *Olsen* v.

*Andrews*, 168 Mass. 261. *Bell's Case*, 238 Mass. 46. *Latter's Case*, 238 Mass. 326. *Mannering's Case, post*, 517, 519. *Erie Railroad* v. *Winfield*, 244 U. S. 170. *Bountiful Brick Co.* v. *Giles*, 276 U. S. 154. A servant does not necessarily lose his status by interrupting his work to lunch or rest on the master's premises, even though not paid for the time consumed by the interruption. The interruption may be found an incident of the employment. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 102, 103. *Callahan* v. *New England Telephone & Telegraph Co.* 216 Mass. 334. *Sundine's Case*, 218 Mass. 1. *Von Ette's Case*, 223 Mass. 56. *Sullivan's Case*, 241 Mass. 9. *Holmes's Case*, 267 Mass. 307. *Horton's Case*, 275 Mass. 572. *Taylor* v. *Saunders*, 71 Colo. 160. *Heldmaier* v. *Cobbs*, 195 Ill. 172. *Broderick* v. *Detroit Union Railroad Station & Depot Co.* 56 Mich. 261. *Thomas* v. *Wisconsin Central Railway*, 108 Minn. 485; *S. C.* 23 L. R. A. (N. S.) 954. 36 Am. L. R. 906. Ann. Cas. 1913 C. 942. A servant who, according to custom, is washing his working clothes or other equipment connected with his employment, may be found to be within the protection of the relationship of master and servant, although the washing is not required nor paid for. *Muller* v. *Oakes Manuf. Co.* 113 App. Div. (N. Y.) 689. *Vitas* v. *Grace Hospital Society*, 107 Conn. 512. Compare *Daly* v. *Bates & Roberts*, 224 N. Y. 126. Under the circumstances already stated, it could be found that the duty of the defendant towards the plaintiff was not suspended by reason of what the plaintiff was doing when he was hurt.

It could be found that Gray, in giving directions to the plaintiff and in providing the cleansing material, was acting within the scope of his employment for the defendant. Furnishing the plaintiff a powerful and dangerous chemical compound, without warning him of its nature, could be found to be negligence, whether Gray actually knew of its nature or not. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231. *Maddox* v. *Ballard*, 218 Mass. 55. *Carpenter* v. *Sinclair Refining Co.* 237 Mass. 230. *Harvey* v. *Welch*, 86 N. H. 72. *Louisville & Nashville Railroad* v. *Gilliland*, 220 Ky. 431; *S. C.* 53 Am. L. R. 386. *Robinette*

v. *Norfolk & Western Railway*, 249 Ky. 93.   *Elliff* v. *Oregon
Railroad & Navigation Co.* 53 Ore. 66.   *Solomon* v. *Cudahy
Packing Co.* 256 Penn. St. 19.   That Gray was a fellow
servant of the plaintiff, is no defence.   *Demaris* v. *Van
Leeuwen*, 283 Mass. 169, 173.   The fact that the particular
way in which the dangerous substance got into the plain-
tiff's eye was his accidental dropping of the box in which
the substance was contained, does not break the chain of
causation.   It is not necessary that the precise form of
the injury could have been anticipated.   *Ogden* v. *Aspin-
wall*, 220 Mass. 100, 103.   As to the exceptions relating to
evidence, if they can be regarded as having been raised by
the report and argued, we find no error.

There was error in directing a verdict for the defendant.
In accordance with the terms of the report, judgment will
be entered for the plaintiff in the sum of $7,500.

*So ordered.*