Jorres, P. J.
This is an action of tort to recover for personal inuries received by the plaintiff, who was in the employ of the defendant as a watchman.
The material facts appear to be that the plaintiff, usually employed as a gardener, was employed October 22, 1936 by the defendant to act between the hours of six P. M. and twelve midnight as a night watchman on a building which at the time was being demolished; that he had reported at the building at five o ’clock P. M.; that, at that time, the front of the building was out, a crew of defendant having been employed by the defendant in the demolition of said building from noon on the same day, to the knowledge of plaintiff; that there was an appreciable period of daylight between five o’clock and sunset; that on or about eleven o’clock that night the plaintiff was ordered to enter the building by a duly authorized officer of the defendant corporation to cover the fixtures that were inside the building; and, in so doing, he fell through a hole in the floor sustaining personal injuries; that prior to this accident he had not entered the building, but remained outside the building, according to instructions; that he was not informed nor did he know of the existing conditions inside the building. Upon cross examination he testified that he was hired to sit in a chair on the sidewalk in front of the store. There is evidence also by the treasurer of the defendant corporation that the defendant corporation was not a subscriber under the Workmen’s Compensation Act; that he, the treasurer, had supervised the demolition of said building between the hours of eight A. M. and eleven-thirty A. M.; that a section of the floor had been taken up to permit the dumping of debris in the cellar; that he had never sent the plaintiff into the building but, on the contrary, had ordered him not to go into the building.
*229 The ease lacks a statement that all the evidence is reported.
A clear question of fact was presented to the trial judge —whether or not the plaintiff was instructed to enter the building, and we must accept the affirmative finding of the trial judge in this respect so that it must be understood that the plaintiff entered a building in a dangerous condition by the direction of defendant’s officer without any previous knowledge of the dangerous condition of the premises.
The finding of the trial judge, as we understand it, is for the plaintiff, on count one of the declaration, in the sum of two hundred dollars. In this finding the court says “hereby revoking all other findings heretofore made by the court”. We think this refers to findings only and not to rulings that were made.
No defense can prevail that the plaintiff was injured by reason of his own negligence, the negligence of a fellow servant, or had assumed the risk of the injury, because the defendant was not insured under the Workmen’s Compensation Act. G. L. (Ter. Ed.) c. 152, sec. 66. McGonigle v. O’Neill, 240 Mass. 262. McPhail v. Boston and Maine Railroad, 280 Mass. 113, 115. Cronan v. Armitage, 285 Mass. 520, 524.
While maybe the declaration in count one* fails to properly state a cause of action at common law in any detail, yet by going to trial on the same and in the absence of any demurrer to the declaration, the plaintiff, in our view of the case, suffers no prejudicial injury. Steffe v. Old Colony Railroad, 156 Mass. 262. The first count of the declara *230 tion alleges sufficient to sustain the action before us. The declaration is broader in its terms than was the declaration in Dumas v. Meyers, Mass. Adv. Shts. 1936, p. 2151, which, in the latter, was upheld. And as in the latter case so in this, count one alleges in substance no insurance under the Workmen’s Compensation Law, and all the essential elements of a cause of action at common law for personal injury sustained by the plaintiff as a result of the defendant’s negligence in failing “to warn the plaintiff of the defective condition of the premises.”
The defendant having gone to trial on the merits without any objections by way of demurrer, waived any defenses in respect of the matters mentioned. Buck v. Hall, 170 Mass. 419, 421.
Inasmuch as the trial court could find that the plaintiff was hired only to sit or watch outside of the building and did not know that he would be required to go into the building for any purpose, we think that when he got orders from his superior to go into the building, he was fully justified in believing that it was safe for him to enter, and whether or not the officer ordering plaintiff to go into the building was a superintendent was an issue of fact. Geloneck v. Dean Steam Pump Company, 165 Mass. 202. And whether or not the superintendent was negligent in ordering plaintiff to go into the building without warning of the danger was a matter of fact to be found by the trial judge. Davis v. N. Y., N. H. & H. Rd. Co., 159 Mass. 532. Rafferty v. Nawn, 182 .Mass. 503. Under the circumstances it could be found that by his act and following the orders of his superior he neither assumed the risk of injury nor was guilty of contributory negligence. We think, therefore, that the trial judge was fully warranted in finding for. the plaintiff unless there is some other error in the trial'.. And we think the trial court was fully justified in *231 finding that plaintiff had a right to assume, after dark, when told to go into the building by- his superior that the conditions were safe for his entry on the premises. Gurney v. LeBaron, 182 Mass. 368.
And the whole question came to a determination of whether or not defendant’s superintendent was guilty of negligence. G. L. c. 152, sec. 66. Hutchinson v. Sovrensky, 267 Mass. 5. Ray v. The Western Union Tel. Co., 258 Mass. 303.
And it also appears in this case that the plaintiff was hired for one act, that of watching outside of the building, was ordered into the building without any warning of the dangers he would undergo, and the plaintiff cannot be said to have contemplated any source of danger. In short, it cannot be said that there was any contractual assumption of risk by the plaintiff under the circumstances. Demaris v. VanLeeveen, 283 Mass. 168-172. Sylvain v. B. & H. R. R., 280 Mass. 503.
. Defendant’s requests 1 and 2 question solely the matter of sufficient evidence, which we have here treated; requests 7 and 8 are based solely upon the existence of apparent and open risks and dangers, but the dangers of entry on the premises in question were first, not to have been encountered by the plaintiff under the terms of his hiring; and secondly, were only met later by him and to his danger upon immediate orders of his superior officer, given to him after dark and under circumstances which he was fully justified in acting upon. It was the superior’s duty to have given the plaintiff warning of the dangers which the plaintiff fell into, when his sphere of action and duties were so suddenly changed. Davis v. N. Y., N. H. & H. Rd., 159 Mass. 532. Rafferty v. Nawn, 182 Mass. 503.
Defendant’s request 5 really comprehends a full and complete defense to the plaintiff’s claim and it is demon *232 strated herein how and in what manner defendant’s superintendent was negligent so that the denial of this ruling was right and, in reality, this request comprehended defendant’s defense in every respect. There was no error in its refusal. •
' As all of the evidence is not reported and all of the other requests of the defendant were either waived or are comprehended within those herein specifically spoken of, the report is dismissed.

 And the plaintiff says that on or about October 22, 1936, he was In the employ of the defendant which was not insured under the Workingmen’s Compensation Law; that the defendant was at that time engaged in razing a certain building located at the corner of Goodrich Road and Centre Street, in the ’^Fiaica; Blain- District of the City of Boston, in said County; that the plaintiff was employed in said building as a watchman; that due to the negligence of the_ defendant, its agents or servants in failing to warn the plaintiff of the defective condition of said premises the plaintiff was caused to sustain severe personal injuries, ...”